# Rice *v.* Yocum, Appellant.

*Trover and Conversion—Demand—Sewing Machine—Married woman.*

. A sewing machine agent who takes from a married woman a sewing machine and a sum of money, both belonging to her husband and without his consent, in exchange for a new machine, and turns over the old machine to his company, is guilty of a conversion of the machine, and is liable to the husband in damages. In such a case a demand for a return of the old machine is not necessary.

Argued Feb. 1, 1893. Appeal, No. 209, Jan. T., 1893, by defendant, H. C. Yocum, from judgment of C. P. Lehigh Co., Sept. T., 1892, No 65, on verdict for plaintiff, Oscar Rice. Before Paxson, C. J., Green, Williams, Mitchell and Dean, JJ.

Appeal from justice of the peace in action for conversion of sewing machine.

At the trial before Albright, P. J., it appeared that defendant was agent for the Singer Sewing Machine. He called on plaintiff's wife who agreed to give him in part payment for a new machine, an old machine and five dollars in money. Both the old machine and the money were the property of plaintiff. Defendant took away the old machine and the money, and turned ed both over to the general agent of his company. Some days afterwards defendant received a letter from Mrs. Rice for her

husband in which he was requested to bring back the old machine and the money and take away the new machine, as it was too expensive for them. The request was refused.

The court charged in part as follows :

" The allegation of the plaintiff is that he owned a sewing machine, and that he had some money in his house where he lived near Coopersburg, in this county, with his wife, and that, in his absence, the defendant, H. C. Yocum, who was acting, as he says, for the Singer Sewing Machine Company, came to plaintiff's house, and that the wife then made an exchange of sewing machines with Yocum, or that she parted with the machine that her husband owned, and took in exchange a machine which Yocum then delivered, the wife signing a contract for the payment of the new machine ; that she then gave away the machine the husband owned and five dollars of money that belonged to him, and the plaintiff further alleges that the wife did not at the time state to Yocum that the property was hers, and that Yocum made no inquiry whether it belonged to the husband or the wife. If all this is proved, I am of the opinion that the plaintiff can recover the value of the machine taken belonging to the husband together with the money of the husband that was received by Mr. Yocum." [5]

Defendant's points were as follows ;

1. Request for binding instructions. Refused. [1]

" 2. A demand without a refusal will not sustain trover and conversion. There is no proof of a personal demand on the defendant or a refusal on his part to deliver the machine. *Answer :* This is negatived. This has no application to the question submitted as stated in the charge." [2]

" 3. A demand by both is not sufficient to establish a conversion. *Answer :* In this point I give the same answer as to the last preceding point." [3]

" 4. According to the uncontradicted proof, the machine in controversy was delivered to Yocum, the defendant, in part payment on a contract between the wife of the plaintiff and the Singer Manufacturing Company, and was received by him as the agent for said company, and by him turned over to the said company at Allentown, on the day of the date of the lease, and was not converted by him, and was not in his possession or under his control at the time of the writing of the letter, or

at the time of the bringing of this suit; as a matter of law on these admitted facts there can be no recovery against the defendant. *Answer:* This is negatived. The court is of the opinion that the fact that the defendant° acted for the manufacturing company is no protection to him if the facts which I have stated to be necessary to a recovery on the part of the plaintiff are proved. He would then be in the position of having received from one person the property of another, and under circumstances where he could not say that he had been misled, and if he so received the property, he received it wrongfully, and the party who was deprived of it has a cause of action. In brief, the court is of the opinion that if a party goes to the dwelling house of a man where he and his wife and family resides, and in the absence of the husband obtains from the wife property which belongs to the husband, and the party receiving it has not been misled, has made no inquiry, and the wife and nobody else has misled him as to the ownership, in such a case I am of the opinion that the husband can recover, and that the taking of his property in that way is wrongful, because if a man may thus obtain one article in a man's house he might obtain all that was there, and surely it cannot be the law that that can be done, and that the party thus deprived of his property would have no redress." [4]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–5) instructions, quoting them.

*Edward Harvey* for appellant, cited: Megargell v. Coal Co., 8 W. & S., 342; Smith v. Rutherford, 2 S. & R., 358; Cooper v. Chitty, 1 Sm. L. Cas. 810; Cooley on Torts, 108; Taylor v. Hanlon, 103 Pa. 504; Blakey v. Douglas, 44 Leg. Int. 104; Miller v. Smith, 1 Phila. 173; Woodward v. Webb, 65 Pa. 254; Carey v. Bright, 58 Pa. 71; 2 Hillard on Torts, 108, 117; Stehley v. Harp, 5 S. & R. 544; Caldwell v. Thompson, 1 Rawle, 370; Harris v. Ligget, 1 W. & S., 301.

*C. J. Erdman,* for appellee, cited: Kraft v. Gilchrist, 31 Pa. 470; act of March 20, 1810; Whiton v. Snyder, 88 N. Y. 299; 9 A. & E. Enc. L. 801.

Opinion by Mr. Justice Green, May 25, 1893 :

The learned judge of the court below gave very careful and entirely correct instructions to the jury on the subject of the ownership of the property in dispute. He charged them not only that the plaintiff must prove to their satisfaction that he was the true owner of the sewing machine and money which the defendant obtained, but also that if the wife of the plaintiff misled the defendant by representing the property as hers when it was not hers, her husband would be responsible for her deceit and could not recover. The jury found for the plaintiff and there was abundant evidence that the machine and the money both belonged to him, and there was no evidence of any misrepresentation of the wife. The defendant, although he was agent for the Singer Manufacturing Co., in his deal with the plaintiff's wife, would be personally responsible to the true owner for his act in taking into his possession the property in question whether he delivered the property to his company or not. The action having originated before a justice, where the distinction between the forms of action is not necessary to be observed, was to be tried on its merits on appeal under the act of 1810, without reference to the form or name of the action. Conceding the necessity for a demand for the return of the goods, we think the letter written by the plaintiff's wife, but with his name attached, was evidence from which the jury might infer a demand. It distinctly called upon the defendant to take away the machine he had left and to bring back the old one, and the defendant admits having received that letter, and did not claim that he did not, or could not, understand what he was called upon to do.

In 1 Chitty on Pleading, 178, ed. of 1885, it is said : " It is not necessary that the demand should be made upon the defendant personally. A demand in writing left at the defendant's house is sufficient. . . . It is not necessary to adhere to any particular form or manner of making the demand provided it be distinctly notified to the defendant, who is the claimant, and what goods are demanded."

But as the defendant took possession of the machine under the unauthorized sale by the wife and turned it over to his company, this itself was a conversion, and a demand and refusal were not necessary. 1 Chitt. 174: " It seems that the mere tak-

ing an assignment of goods from a person who has no right or authority to dispose of them is a conversion; for this is an assumption by the assignee of a property in the goods." In Brisben v. Wilson, 60 Pa. 452, it was held that upon an unauthorized sale of the goods of a tenant under a warrant of distress, trover could be maintained against the purchaser, and that the mere act of purchase was a conversion. SHARSWOOD, J., said: " And as no legal right or title can grow out of a trespass the sale is invalid and trover can be maintained against the purchaser for the goods. The unlawful act of purchase itself is a conversion: McCombie v. Davies, 6 East, 538."

The jury was properly cautioned that a woman might own a sewing machine as well as her husband under the laws of Pennsylvania, and that they must be satisfied from the testimony that the plaintiff was the real owner of the machine and the money before they could find a verdict in his favor. We do not discover any error in the charge or in the answers to points.

Judgment affirmed.