# JULY  TERM,  1903.

*PRESENT:*

Hon.  WILLIAM  A.  JOHNSTON, Chief Justice.
Hon.  WILLIAM  R.  SMITH,
Hon.  EDWIN  W.  CUNNINGHAM,
Hon.  ADRIAN  L.  GREENE,                   } Justices.
Hon.  JOHN  C.  POLLOCK,
Hon.  ROUSSEAU  A.  BURCH,
Hon.  HENRY  F.  MASON,

George  T.  Guernsey  v.  David  M.  Davis,
*as  Receiver,  etc.,  et  al.*
No. 13,016.  (73 Pac. 101.)

SYLLABUS BY THE COURT.

1. AGENCY—*Money Had and Received.*  If an agent of a loan company violate his instructions and misappropriate money sent him for the purpose of closing a loan, the money may be recovered in an action as for money had and received.

2. ——— *Limitation of Action.*  The statute of limitations does not begin to run against such an action until the principal has knowledge of the agent's wrong.

3. ——— *Liability of Participant in Breach.*  One who actively participates in an agent's breach of trust, with full knowledge of the agent's duty, and thereby obtains possession of the principal's money, which he misappropriates, incurs the same liability to the principal as does the agent.

4. ——— *Proof of Specific Direction to Agent.*  In an action by a principal against his agent for a breach of duty, an allegation of a specific direction to the agent is sufficiently established by showing that the agent's duty in all cases covered the transaction in suit, and an instruction to the jury hypothesizing a specific direction in the particular case is warranted by such evidence.

Guernsey v. Davis.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.   Opinion filed July 10, 1903. Affirmed.

*T. H. Stanford*, and *F. J. Fritch*, for plaintiff in error George T. Guernsey, and cross-petitioner C. H. Millikan.

*J. B. Ziegler*, for defendants in error.

The opinion of the court was delivered by

BURCH, J.:   The petition in this action charged that the Guaranty Investment Company was a corporation which had been engaged in making loans on real estate, and that the plaintiff, Davis, was its duly appointed and acting receiver; that the defendant, Millikan, was an agent of the company for the purpose of taking applications and closing up loans; that Millikan and the defendant, Guernsey, working together, procured an application for a loan, which was subsequently approved and a draft for the proceeds sent to Millikan in January, 1890; that Millikan had instructions to see that all prior liens on the real estate offered as security were released before delivering the draft; that Millikan cashed the draft and turned over the proceeds to Guernsey, who had full knowledge of the purpose for which the money had been received, and of Millikan's duty with reference to it; that neither Millikan nor Guernsey procured releases of certain mortgages which were subsequently foreclosed as prior liens; that Millikan and Guernsey concealed the fact that the prior liens had not been discharged until October, 1892, when, upon a discovery of the facts, the company made demand on them for a return of the money, and offered to return the notes

and mortgages of the borrowers, which demand was refused and which offer was rejected ; that Millikan and Guernsey wrongfully and fraudulently converted the money they had received to their own purposes, whereby they became indebted to the receiver, as the representative of the company, in the sum of $1359.50 and interest. The action was begun in April, 1894.

The sufficiency of the petition was assailed by demurrer, and by proper objections at each subsequent step in the case, on the ground that the action necessarily was for relief on the ground of fraud ; that the allegations were insufficient to warrant relief upon that hypothesis ; and that under the allegations made the action was barred. It was not necessary that the action be regarded as for relief on the ground of fraud. The petition contained a statement in ordinary and concise language of facts sufficient to constitute a cause of action as for money had and received. Since the money was received by Millikan as agent of the company, the statute of limitations did not commence to run until the principal had knowledge of the agent's wrong (*Perry v. Smith*, 31 Kan. 423, 2 Pac. 784) ; and since, with full knowledge of all the facts, Guernsey actively and efficiently participated in Millikan's breach of trust, the same rule applies to him. Therefore, the petition is sufficient, and the action was not barred.

Much of the testimony is conflicting. Some of it might bear several interpretations, but every allegation essential to recovery is sustained by some clear testimony. Some of the objections to the evidence introduced are technically valid, but upon a full review of all the evidence it appears that the error in overruling them was not sufficiently prejudicial to require a new trial. Other objections were not suffi-

ciently comprehensive to reach the defect in the evidence sought to be excluded.

Under the pleadings and the evidence, the relations between Millikan and Guernsey were such that the letter of Millikan to the plaintiff, under date of June 11, 1890, was properly admitted, and as between the parties to this suit the reassignment to the loan company of the mortgage taken for the loan from a party to whom it had been assigned was sufficient and was properly admitted.    On account of the manner in which the pleadings were framed, and the manner in which the reassignment became material, it was not necessary that the reassignment be pleaded.

Some of the testimony excluded was fully covered by other questions and answers.    Some of it was not material, in view of the whole evidence introduced. The   exclusion   of   Millikan's   testimony,   which amounted to nothing but a recital of what he saw in written documents, was proper, because the instruments should speak for themselves.

Under the theory of the case held by plaintiff in error, some of the instructions would have been prejudicial.    Under the theory of the trial court, and the theory set forth above, they were not so far erroneous as to require a reversal of the judgment.

The petition alleged specific direction by the company to Millikan, with reference to his conduct in closing this particular loan, and the court instructed the jury upon that hypothesis.    It is contended that no such specific direction was shown, and that there was, therefore, no evidence upon which to base the instruction.    The evidence, however, clearly showed that Millikan's duty in the specific case was one which rested upon him in every case.    That fact the defendants themselves brought out in the cross-

examination of one of plaintiff's witnesses.  This evidence was sufficient to support the allegation, of a specific direction, and sufficient to support the instruction given.

Many of the special-questions answered were wholly immaterial.  While the jury found that Guernsey was secretary of the Commercial Bank Mortgage Company at the time of the transaction in dispute, they were not asked, and did not find, that he acted as a representative of that institution in what he did, and there is nothing in the findings to exclude his personal liability, even though he involved his company in the handling of the fund.  So far as the special findings relate to the substantial issues under the pleadings they are not so inconsistent with the general verdict as to overturn it.

All the errors complained of have been examined, but an extended discussion of them is not required. Upon the whole case it appears that the loan company suffered grievously from the conduct of the defendants in the action, and that their resulting liability has been fairly established.

The judgment of the district court is affirmed.

All the Justices concurring.