## WEEMS v. MELTON.

No. 4154.   Opinion Filed July 13, 1915.

(150 Pac. 720.)

1.  ACTION — Principal and Agent — Implied Contract — Extent of Liability — Value of Benefits — Agency of Wrongdoer. Whenever one person commits an unlawful act or an act of misfeasance and positive aggressive wrong against another with the intention of benefiting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrongdoer to pay to the party injured the full value

of all benefits resulting from such wrongful act, and such lia-
bility cannot be avoided upon the ground that the wrongdoer
was the agent of another.

2.   **BANKS AND BANKING—Misappropriation of Deposit—Officers
of Bank—Personal Liability.** M. was a general depositor of the
First State Bank. While this relation existed the officers of the
bank transferred all of its assets to trustees for the purpose of
winding up its affairs and distributing its assets or the proceeds
thereof among its creditors. Immediately upon the transfer of
the assets of said bank, and from time to time thereafter, M.
made demands upon W., who had been the president and man-
aging officer of said bank prior to the transfer of its assets, and
the trustees for a balance due her as such depositor, which de-
mands were ignored by W. upon the ground, among others, that
said deposit had been transferred to the trustees, and by the
latter upon the ground that the books of the bank did not show
her to be a depositor. Some two years after the affairs of the
bank had been wound up M. discovered that W., a short time
prior to the transfer of said assets, and while president of said
bank, had charged the account of M. off the books of the bank
and, without her knowledge or consent, applied the amount there-
of in payment of a promissory note given to the bank by her
husband, and that neither the deposit nor the note was trans-
ferred to said trustees as part of the assets of said bank. Held,
that M. is entitled to sue W. personally, as for money had and
received, for the balance of her deposit thus wrongfully mis-
appropriated.

3.   **CONTINUANCE—Discretion.** Record examined, and held, that
the trial court did not abuse its discretion in overruling defend-
ant's motion for a continuance.

4.   **LIMITATION OF ACTIONS—Operation of Statute—Fraudu-
lent Concealment.** As there was evidence reasonably tending to
show fraudulent concealment of the cause of action by the de-
fendant, the plaintiff's cause of action was not barred by the
statute of limitations.

(Syllabus by the Court.)

*Error from County Court, Murray County;
Harry W. Fielding, Judge.*

Action by A. M. Melton against G. M. Weems. Judg-
ment for plaintiff, and defendant brings error. Affirmed.

*George M. Nicholson* and *Gray & McVay,* for plaintiff
in error.

*Walter E. Latimer,* for defendant in error.

KANE, C. J. This was an action commenced by the
defendant in error, plaintiff below, against the plaintiff in

error, defendant below, to recover the balance of a deposit made by her in a certain bank of which the defendant was president. Upon trial before the court, judgment was rendered for the plaintiff, to reverse which this proceeding in error was commenced.

The petition alleges, and the evidence reasonably tends to show, the following facts: Prior to the 16th day of November, 1907, the plaintiff in error herein was president and in full charge of the First State Bank of Sulphur, I. T.; that on the 3d day of May, 1907, the defendant in error herein deposited in said bank the sum of $800; that between the date of said deposit and said 16th day of November, 1907, said defendant in error checked upon said deposit in the sum of $503.50, leaving a balance of $296.50; that on said 16th day of November, 1907, the banking institution of which the plaintiff in error was president and in which said deposit was made became embarrassed and the assets thereof were turned over to three trustees, who, in due course, wound up the business and distributed its assets or the proceeds thereof among the depositors and the creditors; that from time to time subsequent to the time said assets were turned over to said trustees said defendant in error endeavored to collect the balance due her from both said trustees and said plaintiff in error, but without success, the plaintiff in error always saying the trustees, if any one, were liable, and the trustees always stating that the balance due on her deposit was never turned over to them by the bank or any of its officers; that on or about the ——— day of September, 1910, the defendant in error discovered that prior to the transfer of the assets of said bank to said trustees, the plaintiff in error, without any instructions or authority from her, and over her protest and objection, had credited the balance of her deposit upon a certain promissory note signed by D. H. Melton, her son, and

charged her deposit account off the books of said bank. Immediately thereafter, to wit, on the 14th day of said month of September, she commenced this proceeding against the plaintiff in error, praying judgment against him for the sum of $296.50, with 6 per cent. interest thereon, and costs of suit, and general and special relief, both in law and equity.

The answer of the defendant admitted his official capacity toward the bank, and that the balance of a certain deposit made in the name of the plaintiff was credited upon the promissory note of D. H. Melton; and further alleged, in substance: (1) That whilst the deposit was made in the name of the plaintiff, as a matter of fact it was the deposit of her husband, D. C. Melton, and that it was expressly agreed between said bank and said D. C. Melton that the balance of said deposit should be credited upon said promissory note; (2) that on said 15th day of November, 1907, said bank turned over and delivered to certain trustees all its assets and business, including all moneys deposited by said D. C. Melton, except such as had been withdrawn by check, and also the note executed by said D. C. Melton and D. H. Melton, and from said date said defendant had no part in the conduct, control, or management of said bank; that on or about the 31st day of December, 1907, the sum of $296.50, the balance of said deposit, was by said trustees credited upon said note with the knowledge and consent of said D. C. Melton. The answer also joined several other issues of fact, but as they were all resolved in favor of the plaintiff by the findings of the trial court upon sufficient evidence, we will, as counsel for plaintiff in error have in their brief, view the case from that standpoint and review only the questions of law arising out of the situation outlined above.

The assignments of error presented by counsel for plaintiff in error in his brief may be summarized as fol-

lows: (1) That the court erred in overruling the demurrer of the plaintiff in error to the petition of said defendant in error, for the reason that said petition did not state facts sufficient to constitute a cause of action; (2) the court erred in overruling the motion of said plaintiff in error for a new trial, in that the evidence adduced was not sufficient to support the judgment rendered; (3) the court erred in refusing to continue said cause upon the motion and affidavit of said plaintiff in error, which said motion and affidavit stated that said plaintiff in error was seriously ill, and because of said serious illness could not come to the trial of said cause; (4) the evidence was not sufficient, in that it showed the cause of action pleaded to be barred by the statute of limitations.

The first two assignments of error raise practically the same question of law, and the grounds upon which they are predicated may be gathered from the following statement taken from the brief of counsel for plaintiff in error:

"In the petition the plaintiff appears as a general depositor in a bank, seeking to recover from the president of the bank for the conversion of a general deposit. The petition is predicated entirely on the theory of a conversion. It alleges a deposit of money in a bank, not alleged to be insolvent, and charges that the president 'converted said sum of money to his own use and benefit.'"

We cannot agree with this analysis of the issues involved. In this jurisdiction, where the old common-law causes of action and the distinction between suits in equity and actions at law are abolished, all that is required of the plaintiff is to state in his petition the facts constituting his cause of action in ordinary and concise language and without repetition. Section 4737, Rev. Laws 1910. However, as the Codes do not create any new rights, but merely provide the mode in which redress may be had when a right has been invaded, the judges and lawyers

of the code states, for convenience, often resort to the old classification in testing the sufficiency of the pleadings to state a cause of action, or the evidence to support a judgment. *Phelps, Dodge & Palmer Co. v. Halsell & Frazier*, 11 Okla. 1, 65 Pac. 340. Counsel have fallen into error in classifying this as an action for conversion; it sounds more in contract as for money had and received. It is true that the relation between a bank and a depositor is that of debtor and creditor, but in the instant case the plaintiff in error, taking advantage of the opportunity to do so afforded by his official station, gave the defendant in error an apparent status which she was at liberty to reject or accept as her interests might be subserved, upon discovering, long after the affairs of the bank had been wound up, that neither her deposit nor the note for the payment of which it was wrongfully misappropriated had been turned over to the trustees with the other assets of the liquidating bank. Undoubtedly the defendant in error could have stood upon her rights as a creditor and sued the bank for the recovery of the balance of her deposit, but we know of no principle of law, and none has been called to our attention, which bars her from waiving her rights against the bank, and suing the plaintiff in error upon the discovery of his wrongful acts in charging her deposit off the books and applying the amount thereof in payment of the note of another without her knowledge or consent. It seems to us that upon this condition of affairs coming to the knowledge of the plaintiff she would be entitled to accept the situation created by the defendant as she found it and sue him upon the implied promise to return to her the money thus wrongfully misappropriated, which always arises whenever one person commits an unlawful act or an act of misfeasance and positive aggressive wrong against another with the intention of benefiting his own estate. In such circumstances the law will, at the election of the party injured, imply or presume

a contract on the part of the wrongdoer to pay to the party injured the full value of all benefits resulting to such wrongdoer. *Challis v. Wylie,* 35 Kan. 506, 11 Pac. 439. And this liability cannot be avoided upon the ground that the wrongdoer was the agent of another. *Rice v. Yocum,* 155 Pa. 538, 26 Atl. 698.

On an examination of the record we are satisfied the court below did not abuse its discretion in overruling the defendant's motion for continuance. The cause previously had been continued three times on motion of the defendant on practically the same grounds, and as there is nothing to indicate that matters in that regard would improve in the future, we think the trial court was justified in requiring the parties to go to trial, upon allowing defendant's affidavit in support of his motion for a continuance to be introduced in evidence. Whilst it may be desirable that the parties to a civil action have an opportunity to be present in person at the trial of their case, it is not imperative. In the circumstances of this case, there being very little dispute as to the facts, we feel assured that none of the substantial rights of the defendant were prejudiced by his absence.

The finding of the trial court that the cause of action was not barred by the statute of limitations involved the finding by it of the fact whether it was fraudulently concealed from her by the defendant; and the only question upon the facts stated is whether there was evidence upon which the trial court could so find. We are of the opinion that there was evidence of fraudulent concealment of the cause of action by the defendant, and that, therefore, the finding is justified. *Atlantic Nat. Bank v. Harris,* 118 Mass. 147; *Guernsey v. Davis,* 67 Kan. 378, 73 Pac. 101.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.