**DeLos BIDLEMAN, Plaintiff,**

v.

**NATIONAL FEEDERS SERVICE, INC., an Oklahoma Corporation, and Oklahoma National Stockyards Co., a Corporation, and Fred A. Ridley, Jr., and H. Herbert Ridley, Jr., d/b/a Oklahoma Livestock Commission Co., Defendants.**

**Civ. No. 67–134.**

United States District Court
W. D. Oklahoma.

May 22, 1967.

Ben N. Hatcher, Oklahoma City, Okl., for plaintiff.

William G. Davisson, Ardmore, Okl., for National Feeder Service, Inc.

Clarence P. Green, Oklahoma City, Okl., for Fred A. Ridley, Jr. and H. Herbert Ridley.

Claude Monnet, Oklahoma City, Okl., for Oklahoma National Stockyards Co.

## ORDER

EUBANKS, District Judge.

The original complaint herein was filed on March 29, 1967 wherein it was generally alleged that plaintiff, on September 21, 1964 purchased 160 steers from Jake Sims. This transaction was actually made through defendant, National Feeders Service, Inc., who acted as plaintiff's agent in buying the steers. National Feeders paid Sims $23,320.90 for the livestock, then drew a draft on plaintiff for such amount which draft plaintiff honored and paid on September 25, 1964. It is further alleged that plaintiff instructed National Feeders to retain possession of the steers for him but that even before he paid the draft drawn upon him the steers had been delivered over to Oklahoma National Stockyards Co. who in turn surrendered the possession thereof to Fred A. Ridley, Jr., and H. Herbert Ridley, Jr., d/b/a Oklahoma Livestock Commission Co. The plaintiff says that during these transactions he had arranged for a sale of the cattle to one Jack Winfield Reeder and had informed his agent, National Feeders, of such proposed sale but had cautioned the agent to deliver possession to Reeder only after receiving the cash consideration agreed upon.

Although it does not appear in the complaint, it is apparent from the answers that Reeder or Martin Brothers Commission Co. or both bought 147 head of these steers while failing to pay for same.

Plaintiff alleges a conversion of his steers by defendants but waives his right to sue for damages and elects to sue upon an implied contract to pay him for the value of the property so converted by them.

Defendants have moved to dismiss upon the grounds that the statute of limitations bars the action.

The complaint makes no contention that any of the defendants benefitted from the transaction or that they kept the steers or the proceeds thereof, however, in an amendment to the complaint it is alleged that Ridleys d/b/a Oklahoma Livestock Commission Co. received at least $23,320.90 from the sale of plaintiff's steers which has been retained by this defendant.

Title 12, Oklahoma Statutes, Sec. 95 (3) prescribes a two year limitation period for conversion of personal property. A three year limitation period is prescribed for an action upon an implied contract, 12 O.S. § 95(2). This case was commenced about 2½ years after it accrued so is barred unless plaintiff be permitted to waive the tort and sue in assumpsit.

■ In some situations the above may be allowed but such procedure is available to a plaintiff only where the defendant tortfeasor derived a benefit from the conversion. See Menefee Lbr. Co. v. McDonald, 122 Or. 579, 260 P. 444; 1 Am.Jur.2d Sec. 34, P. 569; Greer v. Newland, 70 Kan. 315, 78 P. 835, 70 L.R.A. 554; Wagner v. Blankenship, 207 Okl. 471, 250 P.2d 464; 97 A.L.R. 250; 1 C.J.S. Actions § 50, p. 1130–1131; 169 A.L.R. 143; Scherger v. Union National Bank, 138 Kan. 239, 25 P.2d 588 and Ablah v. Eyman, 188 Kan. 665, 365 P.2d 181, 90 A.L.R.2d 766.

■ Since there is no contention here that National Feeders Service, Inc., or Oklahoma National Stockyards Co., derived any benefit from the alleged conversion the action must be and hereby is dismissed as to them. The amendment to the complaint alleges that Fred A. Ridley, Jr., and H. Herbert Ridley, Jr., d/b/a Oklahoma Livestock Commission Co., did derive a benefit from the tort so their motion to dismiss is overruled and they are allowed 15 days within which to answer. Should facts subsequently developed disclose that Ridleys derived no benefit from the transaction they may renew their motion.