**BRESSAN EXPORT–IMPORT COMPANY Inc., t/a Bressan Footwear Co.**

v.

**William Belz CONLEW**

v.

**Zeke FORLINI et al.**

**Civ. A. No. 71–178.**

United States District Court,
E. D. Pennsylvania.

July 14, 1972.

Stephen R. Bolden, Fell, Spalding, Goff & Rubin, Philadelphia, Pa., for plaintiff.

William G. Klenk, II, Philadelphia, Pa., for William Belz Conlew.

A. Charles Peruto, Lorch, Ryan, Peruto, Vitullo & Tinari, Philadelphia, Pa., for Zeke Forlini and others.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Presently before the Court is plaintiff's motion for summary judgment against defendants William Belz Conlew (Conlew) and Zeke Forlini (Forlini). The instant action arises out of the theft of a shipment of shoes and sandals. Plaintiff was the owner of this shipment and had delivered it to a carrier for shipment to plaintiff's customers. On or about April 7, 1969, the shipment was stolen from the carrier's possession.

Several persons were indicted for participation in the offense. Defendants James Joseph Hall, William Joseph Hall and Anthony Victor D'Andrea entered guilty pleas before the Honorable Charles R. Weiner. Conlew proceeded to trial and was convicted of receiving and possessing goods stolen from interstate shipment, knowing them to have been

stolen. Forlini was never indicted. However, he was called as a government witness at Conlew's trial and testified that he received the goods from the persons who stole them and sold them to Conlew.

Plaintiff thereafter instituted the present diversity action, alleging that defendants are liable for conversion. In support of his motion for summary judgment he contends that the criminal conviction of Conlew and Forlini's testimony at Conlew's trial conclusively establish the liability of each. For reasons hereinafter stated, we conclude that summary judgment should be granted against Conlew and denied against Forlini.

■ The law is clear that a prior judgment of conviction in a criminal action for the identical acts set forth in a subsequent civil action may conclusively establish the issue adjudged against a defendant who was found guilty in the criminal case. Local 167 of International Brotherhood of Teamsters etc. v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934); United States v. Salvatore, 140 F.Supp. 470 (E.D.Pa. 1956); Hurtt v. Stirone, 416 Pa. 493, 206 A.2d 624 (1965). It is undisputed that the acts set forth in this case are identical to those of the prior criminal action. Moreover, there is no doubt that the offense of which Conlew was convicted does, under Pennsylvania law, constitute conversion. Rice v. Yocum, 155 Pa. 538, 26 A. 698 (1893). Finally, we observe that the lack of identity of parties, i. e., the fact that this action, as opposed to the criminal action was instituted by a private party, does not preclude summary judgment. *Hurtt, supra.*[1]

■ Conlew presents two arguments against the granting of summary judgment, both of which we deem without merit. Initially he argues that plaintiff's motion should be denied because the value of the shoes has not yet been determined and because the shoes which he purchased were ultimately returned to plaintiff. However, while these factors clearly affect the amount of damages which plaintiff may recover, they do not affect his right to summary judgment.[2] Although a jury will have to determine plaintiff's damages, he is entitled to summary judgment on the issue of Conlew's liability.

■ Conlew's second contention is that Hurtt v. Stirone is inapposite because it applies only to felony convictions whereas under Pennsylvania law receiving stolen goods is a misdemeanor. This contention is incorrect; receiving stolen goods is a felony. Act of June 24, 1939, P.L. 872, § 817, as amended, May 21, 1943, P.L. 306, § 1, 18 P.S. § 4817.[3]

Accordingly, as there is no dispute as to any material fact, and the foregoing authority illustrates that plaintiff is entitled to judgment as a matter of law, plaintiff's motion for summary judgment against Conlew is granted.

■ Plaintiff's motion for summary judgment against Forlini is, however, an entirely different proposition. Conlew's participation in the activities surrounding the theft of plaintiff's goods not only was established in a prior proceeding, but was established against a greater burden of proof than that necessary to prevail in a civil trial. On the other hand there has been no adjudication of Forlini's complicity. Thus we are asked to grant summary judgment against him

1. Pennsylvania law governs this issue. See Priest v. American Smelting and Refining Co., 409 F.2d 1229 (9th Cir. 1969).

2. Plaintiff seeks compensatory and punitive damages.

3. At any rate, *Hurtt* did not hold that only felony convictions have a collateral estoppel effect. Rather it provided that "minor matters" such as traffic violations and lesser misdemeanors, wherein a defendant might not fully take advantage of his day in court, cannot provide a basis for collateral estoppel. *Supra.* 416 Pa. at p. 499, 206 A.2d 624.

solely on the basis of his testimony at Conlew's trial. We decline to do this. We do not believe that Forlini's non-party testimony at that trial can be used to deny him his day in Court. While his prior testimony will clearly be admissible at trial for impeachment purposes it is an inappropriate basis for summary judgment.