Otho Iams, James L. Iams, Joseph W. Ray and Jacob
    Swart, their Assignees, for the benefit of creditors, and
    Frank P. Iams and Cyrus C. Brock, his Assignee for
    benefit of creditors, *v.* Carnegie Natural Gas Com-
    pany, Appellants.

*Lease—Oil and gas lease—Marketing gas.*

Where an oil and gas lease provides that if gas " be found in sufficient
quantities to justify marketing the same," the lessee is bound to market
the gas if found in paying quantities or show some good reason for not
having done so. He will not, however, be required to market the gas at
a loss, but only at a reasonable profit; and in determining whether it could
be so marketed, the distance to market, the expense of marketing and
every circumstance of a similar kind should be taken into consideration.

Argued Oct. 26, 1899. Appeal, No. 83, Oct. T., 1899, by
defendant, from judgment of C. P. No. 3, Allegheny Co.,
Aug. T., 1897, No. 196, on verdict for plaintiffs. Before
STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and
FELL, JJ. Affirmed.

Assumpsit to recover rental for gas reserved in an oil and
gas lease. Before KENNEDY, P. J.

The material portions of the lease and the facts of the case
are set forth in the opinion of the Supreme Court.

Defendant's points and the answers thereto were as follows:

1. The evidence in this case being that the gas from neither
of the wells on the premises has been sold, or marketed, or used
within the signification of the lease, there can be no recovery
in this action upon the covenants of the lease, and the verdict
must be for the defendant. *Answer:* Refused. [1]

2. This being an action for the rental for two years of the
first well which was drilled upon the premises, and the evi-
dence being that the gas from this well was not sold or mar-
keted, there can be no recovery in this action upon the covenants
of the lease which provide that rent shall be payable semiannually
in advance for the gas from each well so long as it shall be sold
therefrom, and the verdict must be for the defendant. *An-
swer:* Refused. [2]

3. There is no evidence in this case to permit the jury to find that gas was found in sufficient quantities to justify marketing the same, and the verdict must be for the defendant. *Answer:* Refused. [3]

4. The evidence being that the gas from the wells upon the premises was not marketed or sold therefrom, the burden of the proof is upon the plaintiff to show that the quantity of gas was such as would give a profitable operation of the wells, and in this connection should be considered and estimated the expense of laying a line, the rental to be paid and the pressure and volume of the gas, and, as there has been no such evidence, the verdict must be for the defendant. *Answer:* Refused. [4]

8. Under all the evidence in this case the verdict must be for the defendant. *Answer:* Refused. [5]

Verdict and judgment for plaintiff for $1,162.52.

Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Edwin W. Smith,* with him *P. C. Knox, James H. Reed* and *Gibson D. Packer,* for appellant.—Gas in sufficient quantities to justify marketing must be enough to justify it being taken to market. There was nothing in this case upon which the jury could fairly find that the defendant could have marketed the gas from the first well at any profit whatever: Ohio Oil Co. v. Lane, 59 Ohio, 307.

*James M. Garrison,* with him *Franklin P. Iams,* for appellees.—If the lessee explores and furnishes oil or gas, the relation of landlord and tenant or vendor and vendee was established, and the tenant would be under an implied obligation to operate for the common good of both parties and pay the rent or royalty reserved: Glasgow v. Chartiers Oil Co., 152 Pa. 48; McNish v. Stone, 152 Pa. 457; Plummer v. Coal and Iron Co., 160 Pa. 493.

OPINION BY MR. JUSTICE BROWN, December 30, 1899:

We are of one mind that this case ought to have been submitted to the jury, and not having been misled by improper instructions we cannot interfere with their finding. The plain-

tiffs leased certain lands belonging to them in Greene county to Timothy Ross "for the purpose and with the exclusive right of drilling and operating for petroleum and gas," the terms to be for two years or for such time as oil or gas should be found in paying quantities on the premises. Shortly after the execution of this lease Ross assigned the gas privilege to appellant, the terms of his contract with the plaintiffs being that all its conditions should extend to the heirs, executors and assigns of the parties to it. The court below was called upon to interpret the following clause in the lease, and to instruct the jury what facts would justify a finding in favor of the plaintiffs claiming under it: "In consideration of said grant and demise the said party of the second part agrees to give or to pay to the said parties of the first part the full equal one eighth part of all the oil produced or saved from the premises, and to deliver the same free of expense into tanks or pipe lines to the credit of the first parties, and should gas be found in sufficient quantities to justify marketing the same, the consideration in full to the parties of the first part shall be five hundred ($500) dollars per annum, payable semi-annually in advance, for the gas from each well so long as it shall be sold therefrom, and gas free of cost for household use on the premises to be taken from a well on same."

Operating under this lease the appellant bored a well upon the premises, from which gas was obtained. The learned trial judge, after explaining to the jury that only the gas privilege and the provisions relating to it were to be considered, proceeded to properly interpret the foregoing clause and instruct them as to their duty. He explained to them that they would first have to determine whether gas had been obtained in paying quantities, sufficient to justify the defendant in marketing it. They were told that the defendant would not be required to market the gas at a loss, but only at a reasonable profit; and in determining whether it could be so marketed, the distance to market, the expense of marketing and everything of that kind should be taken into consideration. Their attention was called to the evidence on behalf of plaintiffs showing that gas had been developed in quantities justifying the defendant in marketing it, and, on the other hand, to what the appellant had submitted as proof to the contrary. The jury found that gas had been

obtained in sufficient quantities to justify its marketing. When so obtained by the exploring party the relation of landlord and tenant was established. The tenant was then under an "obligation to operate for the common good of both parties, and to pay the rent or royalty reserved:" Glasgow v. Chartiers Oil Co., 152 Pa. 48.

The jury were further instructed that if they should find gas had been obtained in paying quantities the defendant was bound to market it, or show some good reason for not having done so. They were not persuaded that any such reason existed, and their finding under proper directions from the court in favor of the plaintiffs for the rental claimed cannot be disturbed.

The assignments of error are overruled and the judgment affirmed.