## Kleppner v. Lemon, Appellant.

*Oil and gas lease—Royalties—Damages—Confusion of goods.*

Where a lessee instead of drilling a well and operating the land in accordance with the lease, drills a well on adjoining property which he controls, in such a way as to drain the oil and gas from under the leased land, the measure of the lessor's damages is royalties on a portion of the oil produced through the well, ascertained by comparing it with the total production through the well, in the same proportion as the lessee's land within the circle drained bears to the whole area of drainage, the oil producing capacity of every part of the area being the same.

In such a case the rule as to the wrongful confusion of goods should not be applied so as to give to the plaintiff royalties on all of the oil produced through the well, it being possible approximately to determine the amount of oil drawn from the lessor's land.

Reargued Jan. 28, 1901.

The case was reported in 197 Pa. 430. Subsequently the court ordered a reargument.

*D. F. Patterson*, for appellant.

*W. G. Guiler* and *M. A. Woodward*, for appellee.

OPINION BY MR. JUSTICE FELL, March 25, 1901:

We ordered a reargument of this case because we were not satisfied that a right conclusion had been reached by the learned master as to the amount for which the defendant was liable by reason of his failure to develop in good faith the land which he has leased of the plaintiff for the production of oil. By the decree made the plaintiff is allowed a royalty of one eighth of

all the oil produced from the Stotler well No. 2, which was on an adjoining farm, and 157 feet from the plaintiff's line. The reason stated in support of the decree is that, as it was not possible to ascertain with accuracy the amount of oil which had been unlawfully drained from the plaintiff's land and mingled with the defendant's oil, the rule in relation to the wrongful confusion of goods should be applied, and the whole given to the plaintiff. The application of this rule under the circumstances is, we think, harsh and unwarranted. The rule applies only in cases of necessity, where the goods cannot be distinguished or separated: 2 Blackstone's Comm. 405; 2 Kent's Comm. 365. "It is only the impossibility of distinguishing goods intermingled with others, that transfers the title to the whole to the one who is innocent of the admixture:" Winlack v. Geist, 107 Pa. 297.

The proper measure of damages was the market value of one eighth of the oil taken from the plaintiff's land and brought to the surface through the Stotler well. The basis of the decree is the reasonable probability because of the nature of the soil, the proximity of the well to the plaintiff's land, and the effect produced on this well by the flow of other wells in the vicinity, that a part of the oil produced came from the plaintiff's land. As it came by drainage from the porous rock within 500 or 600 feet of the well, it is not more difficult to determine approximately the amount taken, than it is to determine that any was taken. Presumably the drainage was uniform, and the plaintiff's land contributed a part which bore the same proportion to the whole amount produced, as his land within the circle drained bore to the whole area of drainage. This proportion is about one to eight and the defendant should not be held liable for more than one eighth of the royalty on the whole. The damages awarded by the decree are reduced to $444.91. With this modification the decree is affirmed at the cost of the appellant.