## POE v. HUMBLE OIL & REFINING CO.
### (No. 203.)

(Court of Civil Appeals of Texas. Eastland. Oct. 22, 1926. Rehearing Denied Dec. 2, 1926.)

**1. Appeal and error ⊝733—Assignment of error that judgment is contrary to law, and evidence is too general.**

Assignment of error that judgment is contrary to law and unsupported by testimony or any part of testimony is too general and cannot be considered by appellate court.

**2. Mines and minerals ⊝78(1)—Separation of casing-head gas and gasoline from natural gas devolves on producer.**

Separation of casing-head gas and gasoline from natural gas is incident of production, devolving on producer, under oil and gas lease.

**3. Mines and minerals ⊝78(1)—Lessee's covenants for operation and production in oil and gas lease held to require lessee to produce and save what can be produced and saved, and sell it at market value.**

Lessee's covenants in oil and gas lease for operation and production *held* to require lessee to produce and save what can be produced and saved, and to sell it at market value, and same duty requires lessee to protect from waste, in air or on ground, as to protect from underground waste or drainage.

**4. Mines and minerals ⊝78(1)—Open flow test held insufficient basis on which to determine actual operating production of oil well.**

Open flow test *held* insufficient basis on which to mathematically determine actual pro-

duction of oil well under routine operating conditions.

**5. Evidence ⊝5(2)—Courts take judicial notice that casing-head gas or gasoline is oil.**

Courts will take judicial notice that casing-head gas or gasoline is oil.

**6. Mines and minerals ⊝79(2)—Gasoline is "oil," within mining lease, as respects royalty on oil.**

Gasoline is "oil," within mining lease providing for development of land for oil and gas, and lessor is entitled to royalty on gasoline produced.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Oil.]

**7. Appeal and error ⊝1175(5) — Appellate court, on reversing judgment denying royalty under oil and gas lease, will not render judgment where amount depends on facts to be found.**

Appellate court, on reversing judgment denying lessor's claim to royalty under oil and gas lease, will not render judgment for lessor where amount of recovery cannot be ascertained by mathematical calculation but must be found from facts proved.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by J. N. Poe against Humble Oil & Refining Company. Judgment for defendant, and plaintiff appeals Reversed and remanded.

Grisham Bros., of Eastland, for appellant. Scott W. Key, of Eastland, for appellee.

LITTLER, J. This is a suit, first, for the value of gasoline under the terms and provisions of a lease contract for development of a tract of land for oil and gas, and, second, for damages occasioned by drainage of the tract of land in question, under the particular terms of the lease contract.

Appellant here, J. N. Poe, was plaintiff below and the Humble Oil & Refining Company was defendant. Plaintiff alleged that he was the owner of forty-nine eightieths of the casing-head gasoline in and under a certain tract of land, which he described, and sued in his first count for the entire value of the gasoline on the theory of conversion. In his second count he sued for a reasonable royalty in his gasoline on the theory that it was a product independent of contract, which he alleged to be 25 per cent. In his third count plaintiff alleged that he was the owner of forty-nine eightieths of the royalty and sued for that proportion of the gasoline alleging it to be oil, under the terms and provisions of the contract. In this count he again described the land. Plaintiff alleged said gasoline to be of the continuous value of $25 per day and sued for $5,000, or for such sum as he should be entitled to recover un-

der the facts in the premises. Plaintiff also pleaded in the fourth count as follows:

Plaintiff would further show to the court that if he should be permitted to recover under the last and foregoing count of this petition, and in that event only, then plaintiff would show the court that, under the terms and provisions of the said lease contract, as well as under the law, it was the duty of the defendant to develop the said land, described in the foregoing count and covered by said lease, for oil and gas; that, notwithstanding said duty, the defendant has failed and refused to develop said land for said casing-head gas or oil, under the provisions of said contract and under the law, but has wholly failed and refused so to do; that in close proximity to said land, adjacent thereto, and within 150 feet, the Invincible Oil Company has drilled a well which has been a large producer.

Defendant filed its second amended original answer. The answer consisted of a general demurrer to each of the counts, which were not insisted upon and do not show to have been acted upon by the court, and a general denial, and a plea of not guilty. In the eighth subdivision of said answer the said lease is set out as declared upon by the plaintiff, and on page 21, immediately following a quotation of said entire lease, it is averred that the same constituted, for a consideration of $80, a grant and conveyance of all oil, gas, coal, and other minerals, and averred that the word "oil," as used in the lease, had reference to crude oil, gasoline, and other grades of oil; and in subdivision 9 alleged that the defendant paid the plaintiff for forty-nine eightieths of the royalty of $250 per year, and that plaintiff had accepted the payments and was estopped from suing for the gasoline. Commencing at subdivision 11, at page 25, the defendant answers that the Invincible Oil Company has drilled a well upon adjoining premises which has never been a paying investment, and that the defendant, in the exercise of its business judgment, did not believe that an offset would pay and was not required to drill offsets if same only produced gasoline.

A jury was impaneled, but at the close of the testimony, each of the parties waived the jury, and all matters of fact, as well as of law, were submitted to the court who rendered judgment against the plaintiff, from which action of the court plaintiff excepted and gave notice of appeal, and the cause is now before this court for review.

The plaintiff on trial abandoned counts Nos. 1 and 2 in his petition, and therefore the case is brought down to the consideration of two points: (1) Whether, under the pleading and proof, plaintiff may recover for his gasoline from the Black well. (2) Whether, under the pleading and proof, plaintiff may recover because of the drilling of an offset well adjacent to his land, which produced gasoline of the value of $71,166.40, from a well known as Nelson No. 1.

Plaintiff bases his appeal upon seven assignments of error as follows:

(1) The judgment in this case is contrary to law and unsupported by the testimony or any part of the testimony.

(2) Gasoline is "oil" within the meaning of the contract sued upon, and, under the third count in plaintiff's original petition and under the undisputed testimony, plaintiff is the owner of forty-nine eightieths of the royalty in said mineral and is entitled, at least, to a judgment for his proportionate interest in one-eighth of the gasoline in question, and the court erred in not awarding plaintiff judgment for said interest.

(3) The court erred in not taking judicial cognizance that gasoline is "oil," within the meaning of the parties to the contract in question.

(4) Where the undisputed evidence shows the value of gas production in cubic feet, the gasoline content of said volume, and the value per gallon of gasoline during the time of production, judgment should be rendered for the plaintiff and should have been rendered for the plaintiff in this cause for forty-nine eightieths of one-eighth thereof, or for $3,097.82, as his portion of royalty therein, and the court erred in not rendering judgment for the plaintiff for said amount.

(5) Under the pleadings, the contract, the law of the case, and the undisputed evidence, plaintiff was entitled to recover at least the value of his royalty in the gasoline in the sum of $3,097.82, and the court erred in not rendering judgment for plaintiff in said sum.

(6) Under the pleading, the undisputed testimony, and the law of the case, plaintiff was entitled to recover judgment against the defendant by reason of drainage occasioned by an offset well, known as the Nelson well No. 1, and the court erred in not rendering judgment in behalf of the plaintiff for the damages so sustained.

(7) The court erred in not rendering judgment for plaintiff's interest in the gasoline in the sum of $3,097.82, and for his damage, by reason of the failure to drill offset, in the sum of $8,895.80, and in the total sum of $11,993.62.

[1] Assignment No. 1 is too general and cannot be considered by this court. The other assignments will be considered in the order given.

[2, 3] The separation of the casing-head gas and gasoline from the natural gas is an incident of production devolving upon the producer. Livingston Oil Corp. v. R. M. Waggoner (Tex. Civ. App.) 273 S. W. 903. The covenants for operation and for production required the defendant to produce and save that which could have been produced and saved and to sell or market same at its

·market value. Iams v. Carnegie Natural Gas ·Co., 194 Pa. 72, 45 A.·54; Culbertson v. Iola Portland· Cement Co., 87 Kan. 529, 125 P. 81, Ann. Cas. 1914A, 610; ·Tex. ̇Co. v. Ram-sower (Tex. Civ. App.) 255 S. W. 466; Junc-tion Oil & Gas Co. v. Pratt, 99 Okl. 14, 225 P. 717. The same duty rests upon the ap-pellees to protect from waste, whether in the air or upon the ground, which rests upon it to protect from underground waste ·or drain-age.

[4] On the trial an agreement as to the potential capacity of Black well No. 1, based on an open flow test, made first of each month, beginning October, 1922, and includ-ing November 1, 1923, was introduced with an agreement that .3352 gallons of gasoline could have been manufactured from each 1,000 cubic feet of all gas in said well or produced, and that the market price thereof was 9.217 cents per gallon. No other evi-dence as to production of gasoline therefrom was adduced. Such open flow test is not a sufficient basis from which can be mathemat-ically determined the actual production un-der routine operating conditions. Westcott's Handbook of Natural Gas, p. 263. Open flow capacities, are very much larger than the actual delivering capacities, therefore no evi-dence is available from which this court can determine the amount of gasoline which could have been manufactured from the gas well.

It is further agreed that the plaintiff was entitled to forty-nine eightieths of the one-eighth royalty produced in said well.

Our courts, as well as the federal courts, have repeatedly held by the weight of au-thority in number, as well as in good reason, that casing-head gas or gasoline is oil. Liv-ingston Oil Corporation v. R. M. Waggoner (Tex. Civ. App.) 273 S. W. 903; Gilbreath v. States Oil Corporation (C. C. A.) 4 F. (2d) 232–235; Hammett Oil Co. v. Gypsy Oil Co., 95 Okl. 235, 218 P. 501, 34 A. L. R. 275; Twin Hill's Gasoline ̇Co. v. Bradford Oil Corpora-tion (D. C.) 264 F. 440; Wemple v. Producers' Oil Co., 145 La. 1031, 83 So. 232; Locke et al. v. Russell, 75 W. Va. 602, 84 S. E. 948; Con-nellee et al. v. Magnolia Petroleum Co., Mar-tin's Oil & Gas Legal Service, vol. 7, No. 2, p. 171; Reynolds et al. v. McMann Oil & Gas Co. et al., Martin's Oil & Gas Legal Serv-ice, vol. 7, p. 169.

[5] The courts will take judicial knowl-edge that casing-head gas or gasoline is oil. Gilbreath v. States Oil Corporation (C. C. A.) 4 F. (2d) 232, 235; ̤ Moreno v. State, 143 S. W. 156, Key Nos. in syllabus 9, 10, 11, and fór opinion see page 162, and authorities here cited; "Judicial Notice," 15 R. C. L. § 31, p. 1098, and authorities there cited; Law of Oil and Gas (3d Ed.) Thornton, vol. 1, § 43, p. 67, subject "Judicial Notice," and authorities there cited; Archer's Law and Practice in Oil and .Gas Cases, p. 216, § 17, and subdivi-sion thereof No. 7, citing Valley Spring Hog Ranch Co. v. Fred Plagmann et al., 282 Mo. 1, 220 S. W. 1, 15 A. L. R. 266; Minnesota v. Barber, 136 U. S. 313, 10 S. Ct. 862, 34 L. Ed. 455; McDaniel v. State, 76 Ala. 1; ·Peo-ple v. Mayes, 113 Cal. 618, 45 P. 860; State ,v. Main, 69 Conn. 123, 37 A. 80, 36 L. R. A. 623, 61 Am. St. Rep. 30; State v. Braskamp, 87 Iowa, 590, 54 N. W. 532; Kilpatrick v. Commonwealth, 31 Pa. 198; Austin v. State, 101 Tenn. 563, 48 S. W. 305, 50 L. R. A. 478, 70 Am. St. Rep. 703; Brown v. Spillman, 155 U. S. 665, 15 S. Ct. 245, 39 L. Ed. 304; Hug-gins v. Daley, 99 F. 606, 40 C. C. A. 12, 48 L. R. A. 320; Jamison v. Indiana Nat. Gas., etc., Co., 128 Ind. 555, 28 N. E. 76, 12 L. R. A. 652.

[6, 7] In the light of the above authorities, we do not deem it necessary to ·enter into any argument as to whether or not gasoline is oil, but will accept the rule laid down in the above cases that gasoline is oil.

It necessarily follows that, if gasoline is. oil, plaintiff was entitled to his forty-nine eightieths of the royalty. Hence we conclude that the trial court erred in not rendering judgment in favor of plaintiff for forty-nine eightieths of the royalty; however, we re-frain from rendering judgment in favor of plaintiff for the reason that this was a mat-ter for the trial court to decide and could not be ascertained by a mathematical calcu-lation, but must be found by the court ór jury from the facts proved in the case. This disposes of assignments 1, 2, 3, 4, and 5.

The other question raised by assignments 6 and 7 is to the effect that plaintiff is en-titled to damages on account of the failure of defendants to drill an offset well to· what is known as the Nelson well, drilled by the Invincible Oil Company on the adjoining tract. This raises the question of plaintiff's right to recover for drainage. The cases in Texas are few on this issue. T. & P. Coal & Oil Co. v. Barker (Tex. Civ. App.) 252 S. W. 809; Texas Co. v. Ramsover (Tex. Civ. App.) 255 S. W. 466. In each of the Texas cases here mentioned, writ of error has been grant-ed, and they are now pending before the Su-preme Court. Other cases reflecting light on this issue are Blair v. Clear Creek Oil & Gas Co., 148 Ark. 301, 230 S. W. 286, 19 A. L. R. 430, and Kleppner v. Lemon, 198 Pa. 581, 48 A. 483.

There is evidence in this case as to the porosity of the sands. There is evidence that the Nelson No. 1 is within 150 feet from plaintiff's land, thus entitling him to an off-set under the law (rule 37 of the Railway Commission of Texas), if said well is a pro-ducer in paying quantities. There is evi-dence that the Nelson No. 1 has produced gasoline or oil in an amount exceeding $71,-000, but it is not shown what the Nelson No. 1 cost, and, without such showing, there was no basis whereby the court below could de-

termine whether said Nelson No. 1 was a paying well. Aycock v. Paraffine Oil Co. (Tex. Civ. App.) 210 S. W. 851. This burden seems to be upon the plaintiff, appellant here.

Since this cause must be reversed, we refrain from comment as to the failure of proof as to the cost of Nelson No. 1, as same may not arise upon another trial.

It follows and is ordered that this cause be reversed and remanded.