## HUMBLE OIL & REFINING CO. v. POE.
### No. 888—4764.

Commission of Appeals of Texas, Section B.
June 25, 1930.

Scott W. Key, of Eastland, and John C. Townes, Jr., and Hines H. Baker, both of Houston, for plaintiff in error.

Grisham Bros., of Eastland, for defendant in error.

LEDDY, J.

■ Defendant in error was the owner of a certain royalty interest in the minerals produced from eighty acres of land, upon which plaintiff in error held an oil and gas lease. He sought a recovery against it upon causes of action set forth in four separate counts in his petition.

In the first count damages were claimed for alleged conversion of casing-head gas.

In the second count a recovery was asked of a reasonable royalty, which was averred to be 25 per cent. of the gross production of casing-head gas produced from the leased premises.

The third count set forth that the one-eighth royalty, stipulated in the lease, of the oil produced and saved from the premises was intended to and did cover casing-head gas, and that he had been refused payment thereon to his damage in the amount alleged.

The fourth count charged that plaintiff in error had failed to comply with the obligations of the lease by refusing to drill an offset to what was known as the Nelson well, located on an adjacent tract within 150 feet of the property line, and that such well had drained oil from the leased premises, for which damages were asked.

An examination of the evidence adduced by defendant in error to establish the allegations under the first three counts of his petition shows that he wholly failed to produce sufficient proof to entitle him to a judgment under either of said counts. The record is completely silent as to whether any oil or casing-head gas was produced from the leased premises. It is merely disclosed that a well was drilled by plaintiff in error which produced gas and the potential capacity of such well by monthly open flow tests over a given period was shown. This proof was supplemented by an agreed stipulation that an average of about .33 gallons of gasoline *could have been manufactured from each one thousand cubic feet of gas produced from said well* and that the average market price of such gasoline would have been something over 9 cents per gallon.

■ It is difficult to conceive upon what theory defendant in error was entitled to recover for gasoline which could have been manufactured from gas produced from a gas well, in the face of the provision in the lease that "lessee agrees to pay the lessor at the rate of $250 each year, payable quarterly in advance, *for the gas from each well where gas only is found*, while the same is being used off the premises." The undisputed evidence shows that the stipulated rental for the gas used from this well was paid to and accepted by the defendant in error. There is not a scintilla of evidence showing that any gasoline was manufactured from the gas produced from this well or that any oil or casing-head gas was produced therefrom.

■ There is a well-defined distinction in law between gas produced from a gas well and casing-head gas. The latter is that which flows from oil wells, coming between the casing and the tubing. Westcott's Handbook of Casinghead Gas (2d Ed.) p. 6; Johnson & Huntley's Oil & Gas Production, p. 170; Magnolia Petroleum Co. v. Connellee (Tex. Com. App.) 11 S.W.(2d) 158; Mussellem v. Magnolia Petroleum Co., 107 Okl. 183, 231 P. 526; Mullendore v. Minnehoma Oil Co. (Okl. Sup.) 233 P. 1051.[1]

■ Plaintiff in error acquired the right to use the gas produced from a gas well it might drill on the premises covered by the lease by the payment of the agreed rental of $250 per annum. Having bought and paid for such gas it owned the same, including all of its constituent elements, and therefore had the lawful right to make such use of it as it might deem proper. Wilson v. King Smith Ref. Co., 119 Okl. 256, 250 P. 90; Shaw v. Fender, 138 Ga. 48, 74 S. E. 792; McRae v. Smith, 164 Ga. 23, 137 S. E. 390; Magnolia Petroleum Co. v. Connellee, supra.

■ It is equally difficult to find any basis in the evidence upon which to predicate a recovery in favor of defendant in error under the fourth count in his petition.

Under the seventh clause of the lease plaintiff in error was only obligated to drill an offset well "whenever a well producing oil or gas in such quantities as to make it *a paying investment is drilled in and utilized* on adjoining property, within three hundred feet of the above premises." Defendant in error offered no evidence whatever furnishing a basis for determining whether the Nelson well, which it is claimed should have been offset by plaintiff in error, was a paying investment, or that any gas was utilized therefrom. The record is devoid of testimony showing any financial returns to the owner of said well. There is no showing that any gasoline was manufactured from gas produced therefrom or what it would have cost to manufacture the same. It does not appear whether any of the gas produced from this well was sold or could have been disposed of at a profit in any market. Neither is there any testimony tending to show the cost of drilling this well or the expense of its equipment, maintenance, and operation. It was merely shown what the potential gas capacity of such well was measured by monthly open flow tests, the

---

[1] New opinion filed, see 114 Okl. 251, 246 P. 837.

amount of gasoline *that could have been manufactured*, and its market value had it been so manufactured.

The facts proven were wholly insufficient to furnish a basis for a finding as to whether such well was a paying investment within the contemplation of the provisions of the lease (Hanks v. Magnolia Petroleum Co. [Tex. Com. App.] 24 S.W.(2d) 5), hence plaintiff in error rested under no obligation of drilling a well to offset same.

The trial court entered the only judgment that could have been rendered under the undisputed evidence, hence the Court of Civil Appeals was in error in reversing and remanding such judgment for another trial.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.