Anna Gordon TAYLOR, Appellant,

v.

Gordon D. BATEN, Appellee.

No. 7345.

Court of Civil Appeals of Texas,
Beaumont.

May 11, 1972.

Rehearing Denied June 1, 1972.

H. P. Robichau, Jr., Lefler, Walker &
Lefler, Beaumont, for appellant.

Richard N. Evans, Beaumont, for appel-
lee.

DIES, Chief Justice.

The will of Clara G. Baten dated July
15, 1959, in part provided: "I leave Anna
Gordon Taylor [appellant herein], my
granddaughter, my diamond watch, Five
Hundred Dollars, and my oil (not gas)
royalties in and to and under the tracts
now producing and which the Gulf Oil
Corp. is here now producing and paying
for such royalties." The will also pro-
vided: "All the rest and residue of my
property, both real and personal or mixed,
I leave to my son, Gordon Durr Baten [ap-
pellee herein]." He was also named inde-
pendent executor.

Appellant brought suit against appellee
for judgment for all of the royalties be-
longing to her under the will of Clara Ba-
ten and for an accounting. Trial was to
the court without a jury, following which
the court awarded appellant a terminable
royalty for liquid hydrocarbons and oil
from four producing wells on certain tracts
in Orange County, the identity of which
were stipulated by the parties. We have
no statement of facts.

Appellant contends that testatrix intended to will her a fee simple royalty interest in the tracts in question without qualification. That is to say, she did not intend this interest to be restricted to the four wells in production. Appellee contends that testatrix's intention was, in effect, as the court found—that when production on these wells ceased, all other royalty interest will revert to him under the residual clause. By cross-points, appellee also complains of the judgment including liquid hydrocarbons as "oil", saying testatrix's will clearly shows her intention to exclude this by saying "(not gas)."

■ We first consider what interest the testatrix intended to devise. This difficult task is the province of the court. See cases cited in 61 Tex.Jur.2d, Wills, § 121, p. 244, et seq. (1964). Of course, we must arrive at this from the language used in the instrument. Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145 (1896).

In our review of the case, we bear in mind the rules set out in several recent opinions of the Supreme Court of Texas, namely:

(a) In Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 581 (1955), the court said:

"The cardinal rule to be followed in construing a will is to seek and enforce the intention of the testator; and if the intention of the testator be not clearly expressed by the particular language used it may be found by looking to the provisions of the will as a whole and to the circumstances surrounding its execution. Darragh v. Barmore, Tex.Com. App., 242 S.W. 714."

(b) In Republic National Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39, 42–43 (1955), we are told that "the meaning of the will must be determined by the language used 'within the four corners of the instrument'" and that "[a] will should be so construed as to give effect to every part of it, if the language is reasonably susceptible of that construction."

(c) And, in Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885, 888 (1960), Justice Greenhill, quoting from 4 Page on Wills (Lifetime Ed.), § 1617, p. 627, adopted this language:

"'Assuming that there is a valid will to be construed, it is the place of the court to find the meaning of such will, and not under guise of construction or under general powers of equity to assume to correct or redraft the will in which testator has expressed his intentions.'"

We have concluded that the words used by the testatrix "now producing and which the Gulf Oil Corp. is here now producing and paying for such royalties" was a layman's way of identifying the tracts of land under which Anna Gordon Taylor was to be given the oil royalties. If the testatrix had written into this will a legal description of the property following the words she used, i. e., "my oil (not gas) royalties in and to and under" the following described tracts of land, then there would have been no difficulty in arriving at her clear intention.

■ We hold that by using the words "royalties in and to and under the tracts," the testatrix intended appellant to have a fee simple title to the royalties in the two tracts identified by stipulation. Had testatrix desired to limit appellant's interest to royalties in the four Gulf wells, we believe she would have done so in express language.

■ We now consider whether the words "oil (not gas)" include liquid hydrocarbons. The Texas courts have had difficulty deciding what is "oil" and what is "gas". See Livingston Oil Corporation v. Waggoner, 273 S.W. 903 (Tex.Civ.App., Amarillo, 1925, error ref.); Connellee v. Magnolia Petroleum Co., 279 S.W. 597

[Tex.Civ.App., Eastland, 1925, reversed, 11 S.W.2d 158 (Tex.Com.App.1928)]; Reynolds v. McMan Oil & Gas Co., 11 S.W.2d 778 (Tex.Com.App.1928); and Poe v. Humble Oil & Refining Co., 288 S.W. 264 [Tex.Civ.App., Eastland, 1926, reversed, 29 S.W.2d 1019 (Tex.Com.App.1930)]. See also 3A Summers, Oil and Gas, § 591, p. 152; § 596, p. 170 (1958), where the author questions the *Waggoner Case*, supra. See also page 172 of the same work where the *Poe Case*, supra, is discussed. On page 173, the author concludes:

> "Despite the questionable reasoning and authority upon which Livingston Oil Corporation v. Waggoner is based, it seems to be the law in Texas that where a lease contains the usual one-eighth oil royalty provision and provides for a flat yearly rental for gas wells, but contains no provision for rental or royalty for casinghead gas, the lessor is entitled to a royalty of one-eighth of the casinghead gas manufactured into gasoline upon the theory that casinghead gas is a constituent element of oil."

In Vernon v. Union Oil Company of California, (5th Cir. 1959), 270 F.2d 441, it was held that a gas well capable of producing liquid condensate is not one "producing gas only." This case is discussed in 38 Tex.Law Rev. 807 (1960). See also 42 Tex.Jur.2d, Oil and Gas, §§ 2, 3 and 4 (1963) and authorities cited.

In expressly excluding gas from this will, we believe testatrix intended vapors —dry gas—as that term is commonly understood by lay people. We conclude that liquid hydrocarbons are included in the term "oil".

We hold that appellant, Anna Gordon Taylor, received under the will of Clara G. Baten a fee simple title to the .002604 royalty interest of Clara G. Baten in the tracts described in the lease of record in Volume 21 at page 627 of the Deed Records of Orange County, Texas. The judgment of the trial court is affirmed in part and reversed in part.