## LANGDON *v.* HILLSIDE COAL & IRON CO.

*(Circuit Court, S. D. New York. February 13, 1890.)*

1. REMOVAL OF CAUSES—JURISDICTIONAL AMOUNT.
    Where there is nothing in the pleadings by direct averment as to the amount or value of the matter in dispute, and no facts from which it can be ascertained that the sum or value is less than $2,000, and the petition for removal from the state to the federal court alleges that the matter in dispute exceeds the value of $2,000, which allegation is not controverted by special plea nor by affidavit, a motion to remand to the state court, for want of federal jurisdiction, must be denied.

2. CORPORATIONS—RIGHTS OF STOCKHOLDERS—SLANDER OF TITLE.
    A stockholder of a corporation cannot obtain an injunction to restrain slander of the title of property belonging to the corporation.

On Motion to Remand.

*B. S. Harmon,* for complainant.

*B. H. Bristow* and *Buchanan & Steele,* for defendant.

WALLACE, J. The motion to remand this suit to the state court, from which it was removed upon the petition of the defendant, has no merit whatever. It proceeds upon the ground that the matter in dispute does not exceed the sum or value of $2,000, and consequently is not cognizable by this court, when its jurisdiction is invoked merely because of the diversity of citizenship of the parties. There is nothing in the pleadings by direct averment as to the amount or value of the matter in dispute, and no facts from which it can be ascertained that the sum or value is less than the required amount. The petition for removal alleges that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000; and this is not controverted either by a special plea by the complainant or by affidavit, and it stands unchallenged in any way. The motion is denied.

### ON DEMURRER TO BILL.

WALLACE, J. The defendant has demurred to a bill of complaint filed to restrain the defendant from the publication of defamatory statements. I had supposed that the question in the case was whether the owner of real estate has a remedy by injunction in a court of equity to restrain a defendant from circulating a libel concerning the title of the property, or from a threatened publication of a slander of title to a third person who is in treaty with the owner for the purchase of the real estate. But I find it to be a case in which a stockholder of a corporation sues to restrain slander of the title of property belonging to the corporation. Such an action cannot be maintained, either in equity or at law. Incidentally, the stockholder may be damnified, in consequence of the defamation, by the depreciation of the value of his shares; but so he would be whenever the corporation sustains serious loss by the tort or breach of contract of a third person. The complainant has no title to the real estate, the injury to which is the subject-matter of the action; that is in the corporation, and any redress must be sought by the corporation.

The demurrer is sustained.