WELLSVILLE OIL COMPANY *v.* MILLER, *née* EVERETT, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 541.   Argued December 6, 1916.—Decided March 6, 1917.

A controversy in a state court involving the power of the United States Court of the Indian Territory to authorize and approve a lease of an Indian allotment subject, however, to the condition that it be approved also by the Secretary of the Interior before becoming operative; and involving also the validity and effect of such a lease so judicially authorized and approved but disapproved by the Secretary, and the power of the Secretary to disapprove it, *Held,* reviewable in this court, as concerning matters inherently federal.

The United States Court for the Indian Territory in authorizing the guardian of a Cherokee minor to lease her allotment, conditioned the authority upon the approval of the lease by the Secretary of the Interior and ordered the guardian to report the lease when executed

to the court and furnish a new bond to secure moneys contemplated to be collected under it. So authorized, the guardian and ward executed a form of lease containing provisions which conferred upon the Secretary broad power to control its performance, with a discretion to cancel it without legal proceedings, and stipulating that, after approval by him, the lease should be void if an additional bond subject to his approval were not furnished. This instrument was reported to and approved by the court, but some months later was expressly disapproved by the Secretary.

*Held,* (1) That the approval by the court was not absolute but was merely a prerequisite and preliminary to the submission of the lease to the Secretary as required by the original order.

(2) That this conclusion was corroborated by the terms of the lease itself and by an allegation made by the plaintiff in error (the lessee) in its petition in this case to the effect that the court in granting authority to make the lease acquiesced in the Secretary's claim that approval by him was prerequisite.

(3) That failure to give effect to the lease did not deny full faith and credit to the order of the court authorizing the guardian to make it.

(4) That if the Secretary had no power of approval no authority to lease was conferred by the order.

44 Oklahoma, 493; 150 Pac. Rep. 186, affirmed.

THE case is stated in the opinion.

*Mr. Charles H. Merillat,* with whom *Mr. James A. Veasey* was on the brief, for plaintiff in error.

*Mr. Robert J. Boone* for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Wellsville Oil Company sued to protect its alleged rights as lessee under an oil and gas lease and to set aside a conflicting lease held by the Alpha Oil Company. Upon demurrer the petition was dismissed for want of cause of action and the judgment to that effect was affirmed by the court below.

To state the undisputed facts which led to the bringing
of the suit and upon which its determination depends,
will make clear the issues. Martha Miller, born Everett,
owned land which had been allotted to her as a Cherokee
of the full blood, and which, through her guardian, under
authority of court approved by the Secretary of the In-
terior, had been leased in 1905 for the term of her minority
for oil and gas purposes, the lease having by assignment
passed to the Wellsville Oil Company, also with the
approval of the Secretary of the Interior. In 1907 the
guardian filed in the United States Court, Northern Judi-
cial District of the Indian Territory, a request for author-
ity to make a new lease to the Wellsville Oil Company
for fifteen years. It was stated that the minor was then
within one year of majority, that the existing lease would
expire at that time and that the Oil Company, in view
of the short time which the lease had yet to run, was en-
gaged in pumping oil night and day and would probably
extract all of the oil before the expiration of the lease, to
the great detriment and injury of the minor and her prop-
erty, as the price of oil was very low and the royalties
would amount to very little. It was averred that the
Oil Company had agreed that it would abandon the "ex-
cessive and damaging pumping" in which it was engaged
if it could get a new lease for fifteen years and proposed
to pay a bonus and an additional royalty. The court
after a reference entered an order authorizing the lease,
expressly, however, causing the authority to make it
to depend upon the approval of the Secretary of the In-
terior and providing that only when the lease was so
approved should it take the place of the old and existing
lease which had yet a year to run. The order directed the
guardian to report the lease by him made and to furnish
a new bond to secure the bonus and the additional sums
to be paid. Acting under this authority on the form of
lease prepared and exacted by the Interior Department,

the parties executed the fifteen-year lease. This lease in the fullest way gave the Secretary of the Interior control over the parties in performing the obligations of the lease, delegated to the Secretary authority to cancel the lease without resort to legal proceedings if he deemed the situation required it and expressly exacted that after approval by the Secretary the lease should be void unless an additional bond subject to his approval was given. The lease thus drawn was reported to the court and was by it approved on July 24, 1907. It was forwarded by the Indian agent in October of that year to the Commissioner of Indian Affairs for submission to the Secretary of the Interior and was by the Secretary in the same month expressly disapproved.

A little more than three years later, the petition to which we have at the outset referred was filed, and some months thereafter, in September, 1911, there was an amended petition. This petition was divided into two counts. The first, after reciting the facts which we have stated as to the making of the new lease and the disapproval of the same by the Secretary, charged that the plaintiff had remained in possession of the property under the new lease; that it worked and developed the same, producing oil therefrom, but that it was unable to dispose of the oil, as the only means for its outlet was through the pipe line of the Prairie Oil Company and that company, under the influence of the Secretary of the Interior, had refused to pay for the oil on the ground of the non-existence of the lease. It was further charged that some time after Martha Miller, the lessor, had become of age, she had leased the property to the Alpha Oil Company for gas and oil purposes, that that company had fraudulently interfered with the exercise of the rights of plaintiff under its lease and had ousted the plaintiff of possession and had wrongfully held possession until 1910, in which year it had abandoned the property. It was alleged that following this

abandonment the plaintiff had retaken possession and
continued to produce oil and transmit it through the pipes
of the Prairie Oil Company without pay as in the previ-
ous period. It was charged that the fifteen-year lease was
valid, that the Secretary of the Interior was wholly with-
out authority of law to disapprove the same, that while the
court in sanctioning the lease had acquiesced in his claim
of authority to do so, that acquiescence was nothing
worth and the lease as made was valid notwithstanding
the disapproval of the Secretary. There was an inconsist-
ent claim in the petition that the court by approving the
lease as presented by the guardian prior to its transmission
to the Secretary of the Interior for his action had virtually
sanctioned the lease upon the theory that the approval of
the Secretary was not necessary. The second count
asserted, under the theory of the validity of the lease, the
right to the proceeds of the oil in the hands of the Prairie
Oil Company, and even upon the hypothesis that the lease
was invalid, the right to be reimbursed a very large
amount of expenses and costs of improvements which it
was alleged had been made in working and developing
the property.

The prayer was for a judgment upholding the validity
of the fifteen-year lease and annulling the lease to the
Alpha Oil Company and awarding the proceeds of oil in
the hands of the Prairie Oil Company to the plaintiff.
It was further prayed, under the hypothesis that the
fifteen-year lease should not be upheld, that there be a
judgment for the costs and expenses as averred in the
second count.

The petition was demurred to on the ground that it
stated no cause of action. The demurrer was sustained
and, as the plaintiff elected to stand upon its pleading, a
judgment was entered dismissing the petition on the
merits. By order of court and consent of parties it came
to pass that the proceeds of the oil which had been hitherto

received by the Prairie Oil Company were subjected to the order of the court for ultimate distribution and an agreement was had concerning the right of the Prairie Oil Company to retain the proceeds of the oil produced by the operations under the lease until it became possible to distribute the same by a final disposition of the cause. The case was then taken to the court below. It was there decided: (a) That the plaintiff was not in a position to invoke the equitable powers of the court for the purpose of enforcing the fifteen-year lease because it appeared that the lease had been procured by the wrongdoing of the petitioner in excessively exercising its right to pump as a means of forcing the making to it of a new lease for a long period; and (b) that in any event, as the new lease had by the order of the court been in express terms subjected as a condition precedent to the approval of the Secretary of the Interior, the failure of that officer to so approve, indeed his express disapproval, had prevented the power to make the lease from taking being and therefore there was no foundation whatever upon which to base the claim that the lease had been lawfully executed, and it was held that there was hence no necessity for passing upon the question of legal power in the Secretary to approve or disapprove. In other words, it was decided that if the Secretary had power, the failure to approve was an end of the controversy; if he had not the power, the same result followed, since the court which granted the right had in express terms permitted it to be exercised only upon the precedent condition that its exertion was approved by the Secretary. In addition the court held that the contention that because the form of lease as drawn was reported to the court which had given the authority to make it subject to the approval of the Secretary of the Interior and received its approval before action by the Secretary, therefore the condition of precedent action of the Secretary was waived or withdrawn, was without

foundation. The court did not pass upon the question raised under the second count concerning the right to recover costs and expenses if the lease were held not to exist, upon the ground that as the petitioner was in possession that question might be reserved for ulterior consideration. 44 Oklahoma, 493.

Following this judgment the trial court distributed the money which had accumulated in its custody by virtue of the agreement previously made as well as a further sum derived from the delivery of oil from the leased property which was in the hands of the Prairie Oil Company. This distribution was made upon the basis of the non-existence of the fifteen-year lease, of the right of Martha Miller to possession subject to the lease by her made to the Alpha Oil Company, on a ratio which was agreed upon between the two interested parties, and there was a judgment against the Wellsville Oil Company for costs. The appeal of that company taken from this order was dismissed by the court below on the ground that the order substantially embraced only a distribution of funds which had been virtually directed to be distributed by the previous judgment. In thus disposing of the case it was held that the assignment of error made by the Wellsville Oil Company concerning the failure to allow it costs and expenses as urged in the second count of its petition was not foreclosed because, being in possession, as previously held that subject might be litigated when an attempt to oust the possession was made. In this connection the court observed that while it was true a recital was contained in the order of distribution that Martha Miller was entitled to possession as owner, as no process was directed to issue giving effect to this decree, it was a mere surplusage which left the question open. 150 Pac. Rep. 186.

All consideration of error committed in refusing in either judgment to allow the costs and expenses asserted in the

second count of the petition may be at once put aside, as it is declared in the argument for the plaintiff in error that this particular phase of the case is not urged. Moreover, before coming to consider the merits of the errors relied upon, we observe that because of the federal nature of the court which authorized the lease, whose validity was involved, the subject-matter with which the case dealt (Indian land), and the asserted want of power in the Secretary of the Interior to disapprove the lease, and the further assertion that the court had no authority in any event to subject the lease to the approval of the Secretary, we think the issues involved so concern matters of inherently federal nature as to afford jurisdiction. *Swafford* v. *Templeton*, 185 U. S. 487; *Fritzlen* v. *Boatmen's Bank*, 212 U. S. 364; *Ohio ex rel. Davis* v. *Hildebrant*, 241 U. S. 565. We therefore overrule the motion to dismiss.

Without following the elaborate argument of the plaintiff in error and the various propositions which that argument advances, we content ourselves with saying that every proposition relied upon will be embraced and disposed of by these considerations:

*First.* The contention that the court which authorized the lease retracted the condition precedent of approval by the Secretary of the Interior which it had previously imposed because it approved the executed lease before it had been presented to the Secretary when it was reported to the court by the guardian in conformity with previous directions to that effect, is plainly without merit, (a) because, as pointed out by the court below, the report of the lease and its approval were mere prerequisite and preliminary steps to the submission of the lease to the Secretary for his action in order that the condition precedent which the court had established might be brought into play, (b) because the contention is directly in conflict with the express terms of the lease which was submitted and approved, every condition of which made it manifest

that it was drawn with reference to the power of the Secretary to approve or disapprove the same, and that its execution was subject to all the conditions, limitations and restrictions resulting from that situation, (c) because the contention is directly in conflict with the petition which, as we have already pointed out, in express terms alleged that the Secretary asserted the power to approve and that the court in giving the authority acquiesced in such assertion of authority as a prerequisite.

*Second.* The contention that the failure to give effect to the lease was a denial of full faith and credit to the order of the court authorizing the guardian to make the lease involves on its face a misconception and comes to saying that because the condition precedent which was imposed by the order of authorization, that is, the approval of the Secretary, was enforced, thereby there resulted a failure to give effect to the order. In other words the argument is, that because the court gave full effect to the judgment, it failed to carry it out. In fact, on the very face of the petition, of the assignments of error and of all the arguments, it is apparent that they rest upon the plainly erroneous assumption which we thus point out, since they all but assert that the power to execute the lease which was given only upon the precedent condition of approval by the Secretary should have been upheld despite the fact that such approval was never obtained. As the petition averred that, acquiescing in the possession by the Secretary of legal authority to approve the lease, the court gave the right to make it only conditioned upon such approval, it follows that the averment that there was no legal power in the Secretary to approve was negligible, since it but asserted that the power to make the lease never arose.

*Affirmed.*