## MULLENDORE et al. v. MINNEHOMA OIL CO. et al.

No. 14061—Opinion Filed April 13, 1926.

Rehearing Denied May 11, 1926.

(Syllabus.)

**Oil and Gas—Construction of Lease Silent on Rights in Casing-Head Gas—Liability of Lessee to Lessor for Conversion.**

Where the lessor in an oil and gas lease grants the premises for the sole and only purpose of mining for oil and gas, reserving to himself as royalty one-eighth of the oil and a specified sum in money per year for gas produced from a gas well, the contract means oil in its ordinary acceptation and gas from a gas well as same is ordinarily understood, and such lease contract makes no disposition of the volatile substance found in oil wells commonly called casing-head gas, and when under such lease contract the lease owner appropriates same to his own benefit by a sale thereof or a use not disclosed as being fairly within the intention of the parties, he is liable to the fee owner for its value as for conversion. Where suit it brought under such state of facts against the lease owner and one to whom he has sold the casing-head gas for the value thereof. his recovery is limited to the value of the product converted, and cannot be enlarged to the net value of the commercial product into which it is made.

Error from District Court, Pawnee County; Valjean Biddison, Judge.

Action by E. C. Mullendore against the

Minnehoma Oil Company and others. Judgment for plaintiff and certain defendants for less than sued for, and they appeal. Reversed, with directions.

McCollum & McCollum, Ames, Lowe, Richardson & Cochran, S. C. Bloss, and W. C. Mullendore, for plaintiffs in error.

C. H. Rosenstein, for defendant in error Minnehoma Oil Company.

McGuire & Marshall, for defendant in error Oklahoma Petroleum & Gasoline Company.

J. D. Johnston, Hagan & Garvin, John Rogers, Edgar A. deMeules, Owen Owen, Alvin Richards, J. H. Hill, John R. Ramsey, and W. P. Z. German, amici curiae.

BRANSON, V. C. J. The plaintiff herein was E. C. Mullendore. The cause was tried on an amended petition, which, while ingeniously drawn, its allegations, together with its prayer, are somewhat involved, in this, that facts are pleaded on which a recovery as for conversion might be had, but it goes further and prays for ultimate profits made out of the product manufactured from the gas converted.

The judgment of the trial court was against the defendant Minnehoma Oil Company, and the Oklahoma Petroleum & Gasoline Company, in favor of the plaintiff, E. C. Mullendore, and Jennie Mullendore, R. F. Mullendore, and D. D. Mullendore, named as defendants. This judgment was in the sum of $1,000 plus, and was apparently rendered on the theory that the defendant Minnehoma Oil Company, as assignee of the lease from the original lessee, was liable for one-eighth, as royalty, of the value of the casing-head gas, as the royalty clause of the oil and gas lease contract was interpreted by the trial court. Subsequent to the lease, the plaintiff, by purchase, had become the owner of the fee; the defendant Minnehoma Oil Company, by assignment, the owner of the lease. The defendant Oklahoma Petroleum & Gasoline Company, by contract with the said lease owner, had received the casing-head gas produced on the premises from oil wells, and had paid the said lease owner therefor the sum of $8,217.42. Before the purchase of the fee by the plaintiff. but after the execution of the lease, D. L. Mullendore, R. F. Mullendore, and Jennie Mullendore. by purchase. had acquired from the then fee owner "an undivided one-sixteenth of all the oil * * * and also an undivided half of all the money derived by the lessor from gas wells upon the described lands."

As stated above, the allegations of plaintiff's petition might be construed as seeking relief for conversion of the casing-head gas sold as aforesaid by the lease owner to its codefendant, the Oklahoma Petroleum & Gasoline Company, for the sum aforesaid, and by the latter defendant manufactured or distilled into gasoline. But when interpreted in the light of the briefs filed by the plaintiff in this court, it appears that the plaintiff is not contented to rest his recovery upon the conversion of the casing-head gas, but, in addition thereto, seeks a recovery for the value of the ultimate product made therefrom. In his brief he insists upon such double recovery, for that therein he recites that he has elected to waive the conversion and to sue the said defendants for accounting, not for the value of the casing-head gas as taken, at the time and place it was taken, but for the value of the benefits received by defendants by reason of their wrongful acts. In truth and in fact, from other parts of the brief, the conclusion is impelled that plaintiff seeks both the value of the casing-head gas at the time and place it was taken, and also the benefits defendant received which he seeks to have measured by the value of the manufactured product, to wit, the gasoline into which the casing-head gas was distilled. He insists upon a judgment measured by the receipts for the latter by the defendant Oklahoma Petroleum & Gasoline Company on authority of Weems v. Melton, 47 Okla. 706, 150 Pac. 720, and Farmers Bank & Trust Co. v. Sheffler, 78 Okla. 44, 186 Pac. 479, and Nation v. Planters & Mechanics Bank, 29 Okla. 819, 119 Pac. 977.

Passing for the moment this contention and reverting to the record, we find that the granting clause of the oil and gas lease conveyed the premises for the sole and only purpose of mining and operating for oil and gas, and the lease further reserved to the lessor, first, one-eighth of all the oil produced and saved from the leased premises, and second, $60 per year for the gas from each and every gas well drilled on the premises, the product of which is marketed and used off the premises. In other words. the reservation for the benefit of the fee owner was twofold; first, of the oil, and second, money for gas taken from a gas well. It must be noted that while the granting clause conveys the premises for the purpose of mining and operating for oil and gas, such granting clause is all but immediately followed by a reservation to the lessor of so much of the oil and so much of the gas. Taking them together, we are constrained to believe that the parties contracted as to oil in its ordinary

acceptation, and as to gas taken from a gas well as ordinarily understood, and that there was no meeting of the minds of the parties as to that volatile substance commonly known to come from an oil well and technically referred to as casing-head gas.

The record and the briefs are elaborate as to what the substance referred to as casing-head gas in reality is. They throw no more light on its nature than was presented to the court in the case of Mussellem et al. v. Magnolia Petroleum Co., 107 Okla. 183, 231 Pac. 526, and we deem that what we said there as to the same sufficeth here. In the said Mussellem Case the lease contained a third clause which provided the fee owner's payment for gas taken from an oil well, and the holding therein turned upon said contractual provision. Such clause, however, is not a part of the instant contract.

Reverting to the above- mentioned contention for what we designate as a double recovery, to wit, for the casing-head gas and the net receipts for the gasoline made therefrom, plaintiff's rights as to either depend upon the construction of the lease contract. We shall not agree with the plaintiff that the facts pleaded and proven entitle him to a recovery upon the rule invoked as set out in the cases cited by him in support thereof. The record fails to disclose any evil intent, fraud, malice, or oppression, but the most that could be said from the record is that the lease owner misinterpreted his legal rights to appropriate the casing-head gas, as was done. To say that the question of its right under the lease to use the casing-head gas as it did was not a debatable one, in which the defendant could have acted in the utmost good faith, would be an assertion sustained neither by a fair interpretation of the record nor by any Oklahoma adjudicated case on the subject. The briefs filed herein present strong argument on both sides. If in the face of such a situation the plaintiff in reality waives his cause of action for conversion of the casing-head gas, we shall not be reluctant in saying that he waives the only cause of action which he has pleaded and shown by the record. For in the cases cited in support of double recovery, the language is that the alleged wrong must be one of misfeasance and positive aggression. We shall not be driven to any such conclusion that the principle on which these cases rest has any application in determining the rights of the parties in this suit. But if, on the other hand. we construe plaintiff's petition as seeking relief for the conversion of the casing-head gas. it becomes necessary to determine what that re-

covery should be. Again we are re..erred to the lease contract. As set out above, the fee owner reserved to himself by that contract one-eighth of the oil. By this, we think that both parties thereto understood that the fee owner was to receive one-eighth of the oil in the common acceptation of that term, as the same was taken from the oil well, through the pipe lines (or its equivalent in money). The other reservation to the fee owner was a sum of money for gas taken from gas wells and used off the premises. The substance in litigation here was not conveyed by the terms of the lease, either as "oil" or "gas taken from a gas well." This volatile substance was, as we think, the property of the fee owner, and a conversion and sale thereof by the lessee or his assignee gave rise to a cause of action as for conversion as of the time and the place the same was sold. The record discloses that that value was stipulated by the parties to be the sum of $8,217.42—the amount received. This substance was under the control and subject to be reduced to the possession of the lease owner and it alone. The sale thereof to its codefendant, the Oklahoma Petroleum & Gasoline Company, was a complete conversion to its own use. Its liability was fixed by reason of this act, and the plaintiff is entitled to recover such value as of the time the casing-head gas was so appropriated by the defendants, with legal interest thereon.

A complete determination of the rights of the parties herein includes the rights, if any, of the plaintiffs in error, Jennie, R. F., and D. L. Mullendore, who were joined in the trial court as defendants. As set out above, they had of record an interest in the oil produced from the premises and the gas produced from the gas wells. There is nothing in their contract of purchase of such interests which would authorize an extension of the terms of their contract further than oil as commonly understood, and gas as taken from gas wells as gas wells are ordinarily understood to be. The product, the conversion of which is drawn in question here, is not within the grant made to them, and they should have no part in any recovery in this action.

The judgment of the trial court is reversed, with direction to enter judgment for the plaintiff, E. C. Mullendore, against the defendants (except the defendants Mullendores) for the sum of $8,217.42, with legal interest from date of conversion, and cost of this action, and for further cost accruing on appeal, which is set out in the petition in

error as being $472.05, if this latter item is found correct, as a matter of fact.

NICHOLSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.