## HOUSTON PRODUCTION CO. v. MECOM OIL CO.

### No. 1252—5656.

Commission of Appeals of Texas, Section B.
June 24, 1933.

E. B. Pickett, Jr., of Liberty, and McDonald Meachum, C. L. Carter, S. H. German, and Baker, Botts, Parker & Garwood, all of Houston, for plaintiff in error.

J. Llewellyn and Smith, Combs & Matthews, all of Liberty, for defendant in error.

LEDDY, Judge.

This is an appeal from a second trial of the case. On the first trial plaintiff in error, in an action of trespass to try title, recovered a judgment against defendant in error for 1.27 acres of land, and the defendant in error's plea to be allowed expenditures it had incurred in drilling a producing oil well on the land out of funds in the hands of a receiver was denied.

An appeal was taken from this judgment to the Court of Civil Appeals. That court affirmed the judgment of the trial court in so far as it awarded the land in controversy to the plaintiff in error. The court, however, concluded that defendant in error's right to recover the cost of drilling the oil well on the land in controversy was raised by the pleadings and the evidence, and that portion of the cause was reversed and remanded for a new trial on that single issue.

Defendant in error duly filed its application for writ of error to the Supreme Court. The case was one of boundary, and the application was filed prior to the amendment of the statute conferring jurisdiction upon the Supreme Court in this character of cases. The application was therefore dismissed for want of jurisdiction.

When the case went back for trial, defendant in error filed an amended pleading presenting the single issue that in developing the land for oil it was a good faith trespasser, and therefore entitled to recover $20,216.90, the amount expended by it in drilling the oil well in question. The case was submitted to the jury upon the following special issue: "Did H. Mecom, acting as president and general manager of the Mecom Oil Company at the time he drilled the well and undertook to develop the land described in plaintiff's petition honestly and in good faith believe under all the facts before him that said company had the lease on said land and had the right to develop it?"

An affirmative answer was returned by the jury to this question, whereupon the court rendered a judgment in favor of defendant in error against plaintiff in error for the cost of drilling the well. This judgment was affirmed by the Court of Civil Appeals. 22 S. W.(2d) 973.

The undisputed facts show that defendant in error drilled the well, for which it has been allowed compensation, after plaintiff in error had served notice in writing that it held a valid lease upon this land. In addition to this, the defendant in error had full knowledge of the pendency of the cross-action by plaintiff in error to recover the land at the time it drilled the well for which compensation was allowed.

Plaintiff in error contends that, inasmuch as defendant in error entered upon this land and drilled the oil well after it had full knowledge of plaintiff in error's adverse claim thereto and of the pendency of its suit to recover the same, it is a willful trespasser and not entitled to recover for the cost of such improvements.

Defendant in error does not dispute the soundness of the legal proposition thus asserted as applied to the making of ordinary improvements. It insists, however, that an exception should be made to this rule in a case involving land capable of producing oil and gas. It is asserted that it is often necessary for such land to be drilled in order to protect the same from drainage by adjoining wells, and that, if a party who is honestly and in good faith asserting a title to the oil land is not permitted to drill it, the oil and gas thereunder may be completely drained by other wells so that a barren victory would be had by either of the contending litigants. The following cases decided by the Supreme Court of Oklahoma are cited to sustain this view: Barnes v. Winona Oil Company, 83 Okl. 253, 200 P. 985, 23 A. L. R. 189; Zelma Oil Co. v. Nemo Oil Co., 84 Okl. 217, 203 P. 203; Woodworth v. Franklin, 85 Okl. 27, 204 P. 452, 27 A. L. R. 590; Mullendore v. Minnehoma Oil Co. (Okl. Sup.) 233 P. 1051.[1]

---

[1] See Id., 114 Okl. 251, 246 P. 837.

Our Supreme Court, in Henderson v. Ownsby, 56 Tex. 647, 42 Am. Rep. 691, distinctly held in a trespass to try title action that a defendant who makes improvements pending the suit does so at the peril of losing those improvements should the suit be determined against him, no matter what may have been his intention in regard to their removal.

In Bender v. Brooks, 103 Tex. 329, 127 S. W. 168, Ann. Cas. 1913A, 559, it was indicated in the opinion rendered by Judge Brown that an intentional trespasser in developing land for oil would be responsible for its value without compensation for any labor or money expended in producing it.

The Supreme Court of the United States, in Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 531, 59 L. Ed. 856, declined to engraft an exception upon the rule in cases involving oil producing land. It was there determined that a trespasser has no right to recover expenditures for oil produced after notice of the claim of the true owner. In passing upon this question the court said: "True, the prior lease had been properly recorded, but as they consulted an abstracter before consummating the transaction with Willett, and were advised that the title was clear, the constructive notice. resulting from the recording of the prior lease was not inconsistent with an honest, though mistaken, belief on their part that they had acquired a perfect right to take and dispose of the oil. But the expenses incurred after August 1, 1907, are upon a different footing. On that date Solley and his associates were actually and fully informed of the prior lease and of the complainants' purpose to insist upon the rights conferred by it and to obtain redress for the invasion of those rights, so what was done thereafter cannot be regarded as anything less than a wilful taking and appropriation of the oil which was subject to the complainants' superior right. These views are amply sustained by our decisions. E. E. Bolles Wooden-Ware Co. v. United States, 106 U. S. 432, 27 L. Ed. 230, 1 S. Ct. 398; Benson Min. & Smelting Co. v. Alta Min. & Smelting Co., 145 U. S. 428, 434, 36 L. Ed. 762, 765, 12 S. Ct. 877, 17 Mor. Min. Rep. 488; Pine River Logging & Improv. Co. v. United States, 186 U. S. 279, 46 L. Ed. 1164, 22 S. Ct. 920; United States v. St. Anthony R. Co., 192 U. S. 524, 542, 48 L. Ed. 548, 555, 24 S. Ct. 333. See, also, Central Coal & Coke Co. v. Penny, 97 C. C. A. 600, 173 F. 340; Bender v. Brooks, 103 Tex. 329, 127 S. W. 168, Ann. Cas. 1913A, 559; Gladys City Oil, Gas & Mfg. Co. v. Right of Way Oil Co. (Tex. Civ. App.) 137 S. W. 171, 182."

The Oklahoma decisions relied upon by defendant in error seem to be based upon the proposition that entry was made before suit was instituted and the expenditures for drilling made at a time when there was peaceable

possession. In Barnes v. Winona Oil Co., supra, the holding is disclosed by the syllabus, which reads as follows: "A person who in good faith enters into *peaceable possession* of land upon which he owns an oil and gas lease and produces oil and gas therefrom, and thereafter said lease is declared void or invalid, the measure of damages to the landlord in an action for an accounting for the oil and gas produced from said premises by the lessee is the value of the oil at the surface or in pipe line or tanks, wherever the same may be, less the reasonable cost of producing the same." (Italics ours.)

Similarly, in the case of Zelma Oil Co. v. Nemo Oil Co., supra, it is shown that the allowance for expenditures by the trespasser was based upon the fact that it had entered into peaceable possession in good faith. The syllabus in that case discloses the holding. It is as follows: "Where a corporation in good faith *enters into peaceable possession of land* under a valid oil and gas lease, which has been assigned to it, and under a claim of right produces oil and gas therefrom, and thereafter such assignment is declared invalid and canceled by decree of the court, the measure of damages to the original lessee in an action for an accounting for the oil and gas produced from said premises by the assignee of said lease is the value of the lessee's share of such oil and gas at the surface or in tanks or pipe line, wherever the same may be, less the reasonable cost of producing the same." (Italics ours.)

In the instant case it appears that there was no prior possession on the part of the defendant in error at the time it drilled the well. Its entry on the premises in controversy was made after suit was filed and for the sole purpose of drilling the well. Under a similar state of facts the Supreme Court of Oklahoma, in the case of Probst v. Bearman, 76 Okl. 71, 183 P. 886, determined that an entry of this character constitutes the party making it a willful trespasser and that he should not be allowed expenditures incurred in drilling an oil well. In denying the right to such an allowance, the court in that case said: "The cost of improvements and operations incurred by the holder of an oil and gas lease, purchased pendente lite and with actual knowledge of the adverse claim, and of the purpose of such party to insist upon his rights and to obtain redress for the invasion of such rights, will not be deducted, when requiring such holder to account to the successful adverse party for oil and gas produced and sold from the premises."

It will be observed that the Supreme Court of Oklahoma, in the cases relied upon by defendant in error, did not overrule the doctrine announced in Probst v. Bearman, above cited. On the contrary, it distinguished the Probst Case from the later cases. This appears from the following quotation from the

Barnes Case: "The principle of law announced in that case [Probst v. Bearman] is too broad *when applied to a lessee in peaceable possession.*" (Italics ours.)

The intimation is clear that the doctrine announced in that case was not too broad when applied to one who merely entered into possession for the purpose of drilling an oil well during the pendency of a suit in which an adverse claim was being asserted.

We are inclined to adhere to the well-established rule that, where one enters into possession of land and makes improvements thereon with full knowledge of the pendency of an action to enforce an adverse claim to the premises, he cannot be considered a trespasser in good faith so as to entitle him to recover the cost of his improvements. Guffey v. Smith, supra; Pittsburgh & W. V. Gas Co. v. Pentress Gas Co., 84 W. Va. 449, 100 S. E. 296, 7 A. L. R. 901; Henderson v. Ownsby, supra; Probst v. Bearman, supra.

We are not impressed with the force of the reasoning that a distinction should be made between an ordinary trespasser and an oil and gas trespasser in regard to recovery for improvements. The basis for the claimed distinction is that, where oil and gas land is involved, it is often necessary to drill the same in order to prevent its being drained by adjoining wells. We think a complete answer to this proposition is that, when a court of equity is confronted with such a situation, it has ample authority to take such action as will prevent the property's being drained of its oil and gas pending the final adjudication of title.

We recommend that the judgments of the Court of Civil Appeals and the trial court be both reversed and that judgment be here rendered in favor of plaintiff in error.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.