## CROCKETT v. OVERFIELD.

District Court, D. Idaho, E. D.
April 12, 1938.

916

Anderson, Bowen & Anderson, of Pocatello, Idaho, for plaintiff.

Jesse R. S. Budge, of Salt Lake City, Utah, and Arthur W. Hart, of Preston, Idaho, for defendant.

CAVANAH, District Judge.

The question for decision presented on the motion to remand is that the diversity of citizenship and the requisite jurisdictional amount do not appear from the face of the complaint, which are necessary to give this court jurisdiction.

The nature of the action as appearing from the complaint is one which involves the right and title to certain tracts of land which it is alleged that Franklin county, without authority, conveyed to the defendant for a consideration of $4 in cash and the unconditional release by the defendant of all special improvement bonds held against the lands and that the defendant be required to set up the nature of his claim of title to the property and that it be decreed that the sale to the defendant was illegal and all conveyances and agreements relating to the property between the defendant and the county are void and that the property still belongs to Franklin county. The value of the property or diversity of citizenship do not appear from the complaint but both do appear in the petition for removal, and which is not denied.

Therefore we have the sole question on the motion to remand, should the court look to the petition on removal to ascertain the diversity of citizenship and jurisdictional amount where they do not appear from the complaint? It must appear to a legal certainty from the complaint that the claim of the plaintiff is really for less than the jurisdictional amount to justify the remanding of the case to the state court, and, if not, the court should retain jurisdiction if the undisputed facts appear from the petition for removal that the requisite jurisdictional amount exists.

The authorities relied upon to remand do not reach a different conclusion as they simply announce the rule to be that removability is determined by the demand of the complaint if it specifically sets up the amount in controversy, otherwise the court may look to the petition for removal. If this be not the correct rule then the plaintiff could cut off defendant's constitutional right as a citizen of a different state than the plaintiff, to choose a federal court forum, by omitting to aver the citizenship of the defendant and the jurisdictional amount. Of course, it never was intended that plaintiff could prevent defendant from resorting to a federal court where the facts entitle him to do so. Banigan v. City of Worcester, C.C., 30 F. 392; Langdon v. Hillside Coal & Iron Co., C.C., 41 F. 609; Lever Bros. Co. v. J. Eavenson & Sons et al., D.C., 7 F.Supp. 679; Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S. Ct. 510, 28 L.Ed. 462; Continental Life Ins. Co. v. Rhoads, 119 U.S. 237, 7 S.Ct.

193, 30 L.Ed. 380; Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914; Little York Gold Washing, etc., Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656; Briges v. Sperry, 95 U.S. 401, 24 L.Ed. 390.

■ With this thought in mind we must turn to the complaint to ascertain what is the amount involved which is necessary although there may appear from the petition for removal a diversity of citizenship. From the nature of the action thus stated it seems clear that the amount in controversy is the value of the property. It is simply an action to quiet title to property, for the complaint discloses that Franklin county deeded four tracts of land to the defendant for a consideration of $4 plus the unconditional release by the defendant of all special improvements and bonds held against the land. The amount of the special improvement bonds do not appear. The sum of $4 is not all of the consideration for the conveyance of the tracts by the county. The title and right to the tracts of land is involved for the property is the real subject matter of the suit; that is, the property the plaintiff is endeavoring to recover for the county and which the defendant stands to lose if the plaintiff is successful, therefore the value of the property is the real amount in dispute. Waha-Lewiston Land & Water Co. v. Lewiston-Sweetwater Irrigation Co., C.C., 158 F. 137; Porter v. Northern Pac. R. Co., C.C., 161 F. 773; Elliott v. Empire Natural Gas Co., 8 Cir., 4 F.2d 493; Greenfield v. United States Mortgage Co., of Scotland, C.C., 133 F. 784, 785; Woodside et al. v. Ciceroni, 9 Cir., 93 F. 1; 54 Corpus Juris 229.

■ There seems to be no doubt that, where the complaint does not show the jurisdictional amount, the petition for removal may do so. Should the petition to remove state the diversity of citizenship and the jurisdictional amount, as here, and it is not denied, the motion to remand confesses the truth of the allegation of the petition and the motion should be denied. Bradshaw v. Bowden et al., D.C., 226 F. 323; Studebaker v. Salina Waterworks Co., D.C., 195 F. 164; Simon v. Stangle et al., D.C., 54 F.2d 73.

Attention is called to the cases of Brown et al. v. House, D.C., 20 F.2d 142, decided by this court, and Saint Paul Mercury Indemnity Co. v. Red Cab Company, 58 S.Ct. 586, 594, 82 L.Ed. ——, decided by the Supreme Court on February 28, 1938, as supporting the motion to remand. On examination of the Brown Case it will be observed that the amount demanded by plaintiff was specifically stated in the complaint to be $2,652.29 and for that reason the complaint was controlling as against the allegation in the petition for removal that the jurisdictional amount in controversy was greater. The question and the fact here presented was not involved in that case.

As to the case of Saint Paul Mercury Indemnity Company v. Red Cab Company, supra. The facts and question there involved were not the same as we are here considering, for it appears in that case that a different situation was presented, for subsequent to the filing of the petition for removal attempt was made to reduce the amount recoverable which the court held could not ouster the District Court's jurisdiction. The complaint there was for a breach of contract and for damages in the sum of $4,000, and attempt was made to reduce that amount by amending the complaint, which would ouster the federal District Court of jurisdiction as it was there said; "on the face of the pleadings petitioner was entitled to invoke the jurisdiction of the federal court and a reduction of the amount claimed after removal, did not take away that privilege."

The motion to remand is denied.