## SEBER v. SPRING OIL CO.
### No. 217 Civil.

District Court, N. D. Oklahoma.
July 8, 1940.

806

Settle, Monnet & Clammer, of Tulsa, Okl., and W. D. Kimble, of Independence, Kan., for plaintiff.

Banks, O'Brien & McVey, of Independence, Kan., for defendant.

.FRANKLIN E. KENNAMER, District Judge (retired).

This suit was instituted in the District Court of Creek County, Oklahoma, for an accounting for the value of casinghead gas obtained and sold by the defendant, as a lessee under an oil and gas lease executed by the plaintiff as lessor, covering lands allotted to the plaintiff as a citizen of the Creek Nation. The case was removed to this court upon defendant's petition for removal, on the ground that the suit is one arising under the Constitution and laws of the United States. Plaintiff has moved to remand the case, and as reasons therefor states that both parties are citizens of Oklahoma, and that the court is without jurisdiction.

Plaintiff urges, in support of her motion to remand, that the cause of action is not a matter arising under ᵤthe Constitution and laws of the United States within the meaning of the Removal Statute, Jud.Code § 28, 28 U.S.C.A. § 71, and

further asserts that before a case may be removed to the Federal Court on the ground relied upon by the removing defendant, the fact that it so arises must appear upon the face of plaintiff's pleading, and it is urged that plaintiff's petition does not disclose a case involving the construction of the Constitution or laws of the United States. The defendant asserts that its petition for removal supplies the necessary allegations with respect to the ground relied upon for removal, and that the allegations in the removal petition, not being controverted by plaintiff, stand admitted, and a proper case is presented for removal.

▮ It is well settled by the authorities that if nothing is contained in the pleadings showing the amount or value of the matter in dispute, or no facts are alleged from which it can be ascertained that the matter in dispute exceeds the jurisdictional sum, it may be shown by direct allegations in the petition for removal. See, Cyc. of Fed.Proc., Vol. 2, page 79, Sec. 269; Langdon v. Hillside Coal & Iron Co., C.C., 41 F. 609; Order of R. R. Telegraphers v. Louisville & N. R. Co., C.C., 148 F. 437; Enzor v. Jefferson Standard Life Ins. Co., D.C., 14 F.Supp. 677; Crockett v. Overfield, D.C., 22 F.Supp. 915; Studebaker v. Salina Water Works Co., D.C., 195 F. 164; Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821; Larabee v. Dolley, C.C., 175 F. 365; Texas & Pacific Railway Co. v. Kuteman, 5 Cir., 54 F. 547. It is equally well settled, that a case cannot be removed from a State court into the Federal courts on the sole ground that it is one arising under the Constitution, Laws or treaties of the United States, unless that appears by plaintiff's petition and claim, and if it does not so appear, the want of it cannot be supplied by any statement in the petition for removal or in the subsequent pleadings. Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 22 S.Ct. 47, 46 L.Ed. 144; First National Bank v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690; St. Paul M. & M. R. Co. v. St. Paul & N. P. R. Co., 8 Cir., 68 F.2d affirmed (Mem.), 18 S.Ct. 946, 42 L.Ed. 1212; Cyc.Fed.Proc., Vol. 1, par. 68, page 348.

In the instant case, plaintiff's petition, filed in the State District Court, on its face, without more, shows that the matter in controversy arises under the laws of the United States, and that an application, if not a construction, of those laws are necessary to the final determination of the issues involved.

Plaintiff's petition alleges that she is a duly enrolled member of the Creek Tribe of Indians, and sets forth her roll number; that the lands covered by the oil and gas lease, under which an accounting is sought, were allotted to her by reason of her being a citizen of the Creek Nation; that at the time the lands were allotted to her she was a minor, under guardianship; that one Harry F. Egan was appointed to act as the legal guardian for her, and that the guardian executed to the defendant the oil and gas lease covering her allotted lands. A true and correct copy of the oil and gas mining lease is attached to the petition. It is further alleged that the defendant went upon the lands, under the terms and provisions of the lease, and drilled a number of wells, and has produced oil and gas from the lands; that by operation of the lease defendant encountered casinghead gas, but that casinghead gas was not contemplated under the terms of the lease; that the defendant, without contractual rights so to do, installed devices for capturing and controlling the casinghead gas, and has taken large and valuable quantities of it from the lands; that the exact amount and value of the production is unknown to the plaintiff, and an accounting thereof is sought. It is further alleged that the royalty provided for under the lease was payable to the Superintendent of the Five Civilized Tribes, as a governmental agency under the direct supervision of the Secretary of the Interior, and if payments on account of said casinghead gas, casinghead gasoline, and dry gas, were made to the Superintendent of the Five Civilized Tribes, the same were made without the knowledge or consent of the plaintiff, and without any legal right or authority so to do, and that such payments were not binding or conclusive on the plaintiff. The lease, attached to the petition and by reference made a part of it, recites that it is made under and in pursuance of the provisions of the Act of Congress approved May 27, 1908, 35 Stat. 312, and it is the form of lease used by the Department of the Interior in such cases; it provides, among other things, for a definite term, for the payment of royalties to the Superintendent of the Five Civilized Tribes as Muskogee, Oklahoma; it bears the rec-

ommendation of the Indian Superintendent and the approval of the Secretary of the Interior, and further expressly required the approval of the Secretary of the Interior, and the 8th paragraph thereof subjects the lease to the regulations of the Secretary of the Interior now or thereafter in force, and stipulates that all regulations are made a part and condition of the lease.

The exhibit attached to plaintiff's petition is not only a part of it, but in case of a variance between the allegations of the petition and the exhibit attached thereto as a basis of suit, the contents of the exhibit control and prevail over the allegations of the petition. Deere v. Gypsy Oil Co., 160 Okl. 237, 15 P.2d 1086; First National Bank of Arkansas City v. Jones, 2 Okl. 353, 37 P. 824; Long v. Shepard, 35 Okl. 489, 130 P. 131.

The court will take judicial notice of the rules and regulations of the Secretary of the Interior with respect to departmental leases. Caha v. United States, 152 U.S. 211, 14 S.Ct. 513, 38 L.Ed. 415. Such rules and regulations have all the force of statutes. Caha v. United States, supra. The case stated in the plaintiff's petition could not be prosecuted to judgment nor defended without giving effect to the Act of May 27, 1908, and the issue presented could not be disposed of without applying, if not construing, the rules and regulations of the Secretary of the Interior with respect to casinghead gas. The right of plaintiff to recover herein depends upon the validity and applicability of rules and regulations promulgated by the Secretary of the Interior for operation of leases under departmental oil and gas leases, and brings the case within the removal statute. The Eighth Circuit Court of Appeals, when Oklahoma was in that Circuit, passed upon a case similar to the one here presented. In Jackson v. Gates Oil Company, 8 Cir., 297 F. 549, an action was instituted in the State court to cancel a departmental oil and gas lease and for an accounting, and the same questions upon removal were involved, as are urged here. The difference in the two cases is that a cancellation was sought in the cited case, while only an accounting is involved in the instant case. If it may be assumed that the Act of May 27, 1908, is not involved in the instant case, there is no escape from the proposition that rules and regulations promulgated by the Secretary of the Interior for operation of departmental leases are the determining factors in the instant case, and since such rules and regulations have the force of Federal statutes, the case clearly is removable. See also, Wellsville Oil Company v. Miller, 243 U.S. 6, 37 S.Ct. 362, 61 L.Ed. 559, wherein writ of error was granted from the United States Supreme Court to the State court, in a suit to protect alleged rights under a departmental oil and gas lease and to set aside a subsequent conflicting lease.

The motion to remand is denied.

The defendant has interposed a motion to dismiss the bill or petition of plaintiff, upon the ground that the petition shows on its face that no claim has been stated against the defendant, upon which relief can be granted in favor of the plaintiff. Two reasons are urged in support of the motion to dismiss, viz., the rules and regulations of the Department of the Interior of 1917 were in force when the lease involved herein was executed and became effective upon its approval by the Secretary of the Interior, in 1921, and by the terms of the lease, became a part of it; that such regulations made express provision for the development of "casinghead gas", and for the payment of royalty thereon to the Superintendent of the Five Civilized Tribes, and fixed the amount of royalty to be paid, and the method of determining the same. The other reason relied upon is the express provisions of the lease, which provides, with respect to the royalty payable upon crude oil extracted from the land, and upon gas, "that in case of gas well of small volume, or where the wells produce both oil and gas, or oil and gas and salt water to such an extent that the gas is unfit for ordinary domestic purposes, * * * the lessee shall have the option of paying royalties upon such gas wells of the same percentage of the gross proceeds from the sale of gas from such wells as is paid under this lease for royalty on oil." It is insisted that the language of the lease quoted herein provides a royalty upon gas from an oil well in the amount fixed for royalty on oil, which is 12½.

Plaintiff insists that as the lease made no provision for payment of royalty on casinghead gas, but made provision only for the payment of royalty on oil and gas, that such a lease does not pass the casinghead gas to the lessee, and that the defend-

ant should account for all casinghead gas obtained and sold from the land. She further urges that the Secretary of the Interior is not authorized to alien or lease lands of a restricted allottee, for such allottee, having the right only to approve or disapprove a lease made by the allottee; that regulations purporting to extend rights to a lessee under an oil and gas lease, to take casinghead gas, where such rights are non existent under the terms of the lease, is in effect, making a new lease or contract, and that such regulations are invalid to that extent. Briefly, it is urged that the Secretary of the Interior is without authority to make a lease for a restricted Indian allottee, and that he cannot adopt regulations which accomplish indirectly what he is not authorized to do directly.

 It is settled as a matter of law that the Secretary of the Interior is not authorized to alien or lease lands of restricted Indian allottees of the Five Civilized Tribes, in their stead and right. The allottee alone is vested with such right, but the exercise of it is subject to the approval of the Secretary. Mott v. United States, 283 U.S. 747, 51 S.Ct. 642, 75 L.Ed. 1385. In the instant case, the allottee, through her guardian, leased the lands involved; the Secretary did not lease, but merely approved the lease, in accordance with the governing statutes. The obtaining of casinghead gas from the lands is by virtue of operations under the lease executed by the guardian of plaintiff; a new contract or lease has not been made, but regulations have been adopted by the Secretary of the Interior regulating the production of casinghead gas, the payment or royalty thereon to the Superintendent of the Five Civilized Tribes, for the account and benefit of the allottee, and the method of determining the amount of such royalty, which have accomplished for the allottee what this suit seeks to accomplish. The contention of plaintiff that the regulations in effect create a new lease is, therefore, unsound.

 Plaintiff further contends that the lease in question made no provision for casinghead gas, and such a provision cannot be implied from a lease providing only for "oil" and "gas". It is urged that casinghead gas is neither oil nor gas within the contemplation of an oil and gas lease which makes no reference to casinghead gas, and that a lessee is not entitled to the casinghead gas, but should be required to account to the land owner for it. The contention of plaintiff has been sustained in a number of decisions of the Oklahoma Supreme Court, where ordinary oil and gas' leases were involved and nothing appeared in the leases to indicate that the parties contracted concerning casinghead gas. See Broswood Oil Company v. Sand Springs Home, 178 Okl. 550, 62 P.2d 1004; Ludey v. Pure Oil Company, 157 Okl. 1, 11 P.2d 102; Mid-Continent Petroleum Corp. v. Blackwell Oil & Gas Co., 159 Okl. 35, 15 P.2d 1028; Mullendore v. Minnehoma Oil Co., 114 Okl. 251, 246 P. 837; George v. Curtain, 108 Okl. 281, 236 P. 876; Smith v. Pulaski, 88 Okl. 47, 211 P. 1047; Hammett Oil Company v. Gypsy Oil Co., 95 Okl. 235, 218 P. 501, 504, 34 A.L.R. 275. It should be noted that none of the cases cited involved a departmental lease. The rules and regulations of the Secretary of the Interior concerning oil and gas leases of restricted lands of members of the Five Civilized Tribes, became part of the lease, by express agreement of the parties, and such regulations are controlling. A departmental oil and gas lease, containing as a part of it, the rules and regulations making express provision for royalties on casinghead gas, is not the same as a lease without such regulations as a part, or the same as a lease without any provisions concerning casinghead gas; such a lease cannot be controlled by decisions involving leases so different in their terms.

 Even if the regulations of the Secretary of the Interior concerning casinghead gas, which became a part of the lease involved herein, were not controlling, still a proper construction of the lease would bring it within the exception to the rule of law announced in the above decisions of the Oklahoma Supreme Court. In the case of Hammett Oil Company v. Gypsy Oil Co., supra, it is stated: "We think these cases support the position that gasoline manufactured from casinghead gas is neither oil nor gas within the contemplation of an oil and gas lease, which makes no reference to casinghead gas, and nothing appears to indicate that the parties have contracted concerning the same." In Broswood Oil Co. v. Sand Springs Home, supra [178 Okl. 550, 62 P.2d 1006], the following appears: "It has become a settled rule in this state that such a lease, which fails by specific provision or by necessary implication to make disposition

of the casinghead gas, does not pass such product to the lessee in the absence of a contrary construction placed thereon by the parties." In the instant case, there clearly appears in the lease that the parties had made disposition of the casinghead gas, by incorporating therein the regulations of the Department of the Interior which made express provision for the casinghead gas from the leased premises; the inclusion of the regulations concerning casinghead gas in the lease clearly indicates that the parties had contracted concerning it. Support for the reasoning above is to be found in decisions of the Oklahoma Supreme Court, in construing oil and gas leases where suits seeking accountings for casinghead gas were considered. In Mussellem v. Magnolia Petroleum Co., 107 Okl. 183, 231 P. 526, accounting for casinghead gas was denied, where the lease provided for the payment of $50. per year to the lessor, for gas produced from an oil well, and used off the premises. Accounting for casinghead gas was also denied a land owner in Wilson v. King Smith Ref. Co., 119 Okl. 256, 250 P. 90, 91, where the lease provided: " * * * If gas is found in any well, or wells, on said premises, the parties of the first part are to have, upon demand, sufficient gas for domestic purposes free of charge; the remainder with all the gas from the oil wells, to go to the party of the second part. * * *" It should be observed that no mention is made of casinghead gas in either lease, but the court held that each lease fixed the rights of the parties as to gas from an oil well. In the instant case, the regulations, which were incorporated in the lease by reference, fully provided for the casinghead gas, making express provision that the lessee shall be entitled to it, and that a royalty shall be payable thereon, and fixed the method of determining the amount thereof.

The petition does not allege that the defendant lessee has failed to pay the royalties provided in the regulations upon casinghead gas obtained from the lands covered by the lease; there is no allegation in the petition that the lessee has not performed the obligations of the lease and the regulations, which constitute a part of it. The allegation that no royalties for casinghead gas have been paid to plaintiff is immaterial, for the royalties are payable to the Superintendent of the Five Civilized Tribes, under the terms of the lease. As the court will take judicial notice of the rules and regulations of the Secretary of the Interior with respect to departmental leases, and that such regulations have all the force of statutes (Caha v. United States, supra), and such regulations make express provision for casinghead gas, no claim or cause of action is contained in plaintiff's petition, and it should be dismissed. It is so ordered.